# FREDERICK W. A. BASSE, Respondent.

*vs.*

# ALOIS GALLEGGER, et al., Appellants.

### APPEAL FROM MILWAUKEE CIRCUIT COURT.

When a note and mortgage is given for the payment of a sum of money in instalments, with a condition that in case of default in the payment of any instalment the whole principal sum shall become due and collectable, at the option of the mortgagee : *Held* that it is necessary for the mortgagee to take his option ·and give notice thereof, before suit brought in order to recover the whole principal sum.

*Held* further : in such case where the complaint sets out a single cause of action upon such note and mortgage, claiming a default and demanding the whole principal sum, but omits to aver the taking of his option by the mortgagee and notice thereof to the mortgagor, such omission is a good cause of demurrer and goes to the whole cause of action.

But when the complaint sets out the cause of action as arising from the default in the payment of an instalment of principal or interest due, such demurrer will not lie.

When the complaint is for the whole principal sum alleged to be due and recoverable upon the default in payment of an instalment of principal or interest at the option of the mortgagee, an averment of the taking of such option is essential to the cause of action.

All the material facts in this case are mentioned in the opinion of the court.

*J. G. Knapp* and *Levi Hubbell,* for the appellants.

The judgment in this case was erroneous, because—

1. The complaint shows that the principal sum secured by the mortgage, was not due. It could not become due until the time limited in the mortgage, or until there had been a failure on the part of the mortgagors to keep their covenants,

Basse vs. Gallegger et al.

*and the mortgagee had exercised his " option," to declare it due, for that cause.*

2. Because the complaint shows clearly that the mortgagee had not exercised or declared such option; on the contrary, long after the interest had become due, he had accepted payment, in part, and thus had waived the right to exercise his option. At all events, after such delay and waiver, he could not suddenly and without notice to the mortgagors, declare the forfeiture. *Hall et al. vs. Delaplaine et al.,* 5 Wis., 215, 16 ; 2 Story's Eq. Jur. § 1314, 15; *Jackson vs. Silvernail,* 16 John., 278, 9.

3. The right of " option " secured to the mortgagee, was in the nature of a penalty, and the mortgagors were entitled to *notice* that the option was exercised, and a reasonable time afterwards to pay. This rule holds in relation to all cases of forfeiture. *Jackson vs. Harrison,* 17 John., 70, 71 and notes ; *Vyse vs. Wakefield,* 6 Meeson and Wel., 452 ; Chitty on contracts, 627.

4. The principal sum, in this case did not become due and payable, by reason of the failure of the mortgagors to pay interest or keep any of their covenants. After such failure, had they procured the money and tendered it to the mortgagee, he might have refused to receive it, saying he had not exercised his option. The rule must be mutual and reciprocal. The right to *sue* cannot precede the *right to pay ;* but in this case, suit was brought before the debtor had, or *knew* he had the right to pay. The complaint erroneously states, that by means of the failure to pay the balance of interest due. "The whole principal sum of three thousand dollars, with interest, became immediately due." That is not the contract. Courts of Equity never lend themselves to enforce forfeitures. 11 Paige Rep., 357, by v. chan. Gridley ; *Seton vs. Slade,* 7 Vesey, 273, 4.

5. It was grossly inequitable and oppressive in this case,

for the mortgagee to reserve his option and lull the mortgagors into security, until the times changed and it became his interest to have all the money instead of his twelve per cent. interest, and then sue before notice.

*May & Cottrell*, for the respondent.

It is to be regretted that the brief of the counsel for the respondent has been mislaid, or removed from the files; but the principal point made is stated in the opinion of the court.

*By the Court*, COLE, J.   This was an action commenced to foreclose a mortgage.   It appears from the record, that on the 13th day of September, 1855, Gallegger and wife made their mortgage to secure the payment of a bond bearing date on that day, in the penal sum of six thousand dollars conditioned for the payment of three thousand dollars to Basse, at the end of four years from the date thereof, with interest, at the rate of 12 per cent. per annum, such interest to be paid semi-annually; and also conditioned to keep the building standing on the mortgaged premises insured, &c., &c.   There was a stipulation in the mortgage that in case of the non-payment of any sum of money, either principal or interest, insurance, premiums, taxes, &c., at the times when they should become due agreeably to the conditions of the bond and mortgage, then and in that case the whole amount of said principal sum should, at the option of the mortgagee, his representatives, &c., be deemed to have become due on the same with interest thereon, and should thereupon be collectable in a suit at law, or by foreclosure of the mortgage in the same manner as if the whole of said principal sum had been made payable at the time when any such failure in any payment should occur.   Further, that on the 13th day of March, 1857, an instalment of interest amounting to the sum of one hun-

dred and eighty dollars became due; that on the 4th of May following, Gallegger paid on such instalment sixty dollars, and that on the 12th of the same month, the respondent commenced his suit to foreclose his mortgage, claiming that the whole amount secured by the mortgage had become due according to its terms, &c., and interest, and asking for a judgment of foreclosure and sale of the premises, to pay the monies mentioned in his complaint.

Gallegger demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, and alleged for further cause of demurrer that as by the conditions of the bond and mortgage upon non-payment of any sum of money as therein provided, the principal sum was to become due only at the *option* of the mortgagee, and that therefore it was necessary to aver in the complaint that before the commencement of the suit the mortgagee had made his option that the whole principal and interest should become due; that he notified the mortgagor of his said option, and that it should be further averred in the complaint that the mortgagee claims or intends to exercise the power of his said option as above mentioned. The demurrer was overruled, and a judgment of foreclosure and sale rendered for the whole amount—principal and interest—mentioned in the complaint, and remaining unpaid.

It is now insisted upon the brief of the counsel for the respondent that the demurrer was properly overruled; since, as he contends, it was directed at the whole cause of action set forth in the complaint, while the objection suggested by the demurrer only goes to part of the relief prayed for. Had the complaint been confined in its scope, and object to the collection of the one hundred and twenty dollars, unpaid interest falling due in March, then obviously the objection raised by the demurrer would have been untenable. But such is not the nature and extent of the complaint. The complaint is to

recover the full amount, principal and interest secured by the bond and mortgage. It evidently is founded upon this idea that the whole amount has become due and collectable in consequence of the failure of the mortgagor to pay the interest in March. The contract provides that " in case of non-payment of any sum of money (either of principal, interest, insurance premiums or taxes,) at the time or times when the same shall become due, agreeably to the conditions of these presents, or of the aforesaid bond or any part thereof, then, in such case, the whole amount of said principal sum *shall, at the option* of said party of the second part, his representatives or assigns be deemed to have become due, and the same with interest thereon, at the rate aforesaid, shall thereupon be collectable in a suit at law, or by foreclosure of this mortgage in the same manner as if the whole of. said principal sum had been made payable at the time when any such failure in any payment shall occur as aforesaid."

By this contract, it is evident the parties stipulated that the whole amount of the bond might become due and payable upon a default of the mortgagor to faithfully perform the covenants he had undertaken to perform, providing the *mortgagee should so elect.* Had the mortgagee availed himself of this stipulation by giving due notice to the mortgagor that he elected to consider the principal due, he might have collected it. But he should have exercised his option, and given notice of it before the commencement of the suit. It is not pretended that he did this, or at least the complaint does not so aver. And we therefore think the demurrer was well taken to the complaint upon that ground, and ought to have been sustained.

It is insisted, however, by the counsel for the respondent, that the question involved in this case has been passed upon by the courts of England and New York, and that those courts have held that it was not necessary for the mortgagee to exer-

Basse vs. Gallegger et al.

cise his election, and give notice thereof to the mortgagor before bringing his suit for the whole sum, secured by the mortgage. We have been referred to several cases upon the brief of counsel in support of this position, some of which we have not been able to find. The cases of *The People ex rel. Dey vs. The Superior Court of the city of New York*, 19 Wend. 104; *Noyes vs. Clark*, 7 Paige 179; and *Gowlett vs. Hanforth*, 2 Wm. Black. R. 958, cited by him, do not appear to us to have any application to this case, for the reason that in all those cases the principal sum became absolutely due by the terms of the contract when default should be made in the payment of any interest or instalment as therein provided. Obviously those cases are different from this, where the principal will be become due at the election of the mortgagee when default has been made, &c. In the case of *Hale vs. Gouveneur et al.*, 4 Edwards C. R. 207, the bond contained a condition precisely like the one embraced in the mortgage under consideration. But the question does not seem to have been raised as to the necessity of the insurance company, which was the mortgagee, exercising its option and giving notice thereof to the mortgagors before commencing suit, and certainly that point is not alluded to in the opinion.

One of the grounds upon which the husband resisted the collection of the principal sum was, that the agreement that such principal should become due on default to pay the interest, was a harsh, inequitable condition, and inconsistent with the relationship of mortgagor and mortgagee. The Vice Chancellor overruled this defence, and enforced the contract according to the condition of the bond.

In the case of *Stanhope vs. Manners*, 2 Eden, 6 R. 196, the mortgagee wrote to the mortgagor, stating the agreement and omission to pay, and insisted upon the failure, and afterwards gave notice to be paid off the principal. The question presented here did not arise in that case.

The cases of *James vs. Thomas,* 5 Barn. and Adol. 40 ; and *Crane vs. Ward,* we have not been able to find.    The case of *Hall and Rawson vs. Delaplaine and others,* 5 Wis. 206, has a remote bearing upon the question under discussion, and is in harmony with the observations already made in the case at bar.    It seems to us but just and proper to require the mortgagee in cases like the present, to exercise his election, and give notice thereof to the mortgagor before bringing suit for the principal sum.

It follows that the order of the circuit court overruling the demurrer of the appellant was erroneous and must be reversed, and the cause remanded for further proceedings, according to law.