F. M. SETTLE v. A. J. STEPHENS ET AL.

Delivered May 6, 1898.

**1. Rescission for Fraud—School Land—Settlement.**

A fraudulent representation by a vendor of land which he had purchased from the State, to the effect that he had resided thereon for more than three years, is material, in view of the statute providing that after three years possession the purchaser has the right to pay the State for the land and receive a patent therefor, and the vendee is entitled to a rescission.

**2. State School Land—Forfeiture—Repurchase.**

A person to whom land was awarded by the State and who subsequently sold his interest and abandoned possession, loses the prior right conferred upon former owners by the statute to purchase the land upon a resale by the State after a forfeiture under the first purchase.

ERROR from Fisher. Tried below before Hon. ED. J. HAMNER.

*C. C. Ferrell* and *Kirby & Kirby,* for plaintiff in error.

*Beall & Beall*, for defendants in error.

HUNTER, Associate Justice.—This suit was brought by defendant in error Stephens against plaintiff in error, F. M. Settle, to cancel an executory contract of sale of the southwest quarter of section 122, Houston & Texas Central Railway Company lands, in Fisher County, surveyed for and belonging to the school fund of the State, made to him by Settle, upon the ground of fraudulent representations and failure of consideration, and also to cancel three $100 notes which he had executed to Settle as part payment for said land, and to recover back $200 paid on said contract, and to recover the title to the land as against Settle, and for a decree canceling a certain award and sale of the land to Settle made by the Commissioner of the General Land Office on his application of April 22, 1896, based upon a prior right of purchase.

Settle answered by general denial, and set up his title under purchase from the State, based upon his application of April 22, 1896, and prayed for possession of the land and for the removal of the clouds from his title caused by Stephens' claim of title, tendering back the three notes and consenting to the cancellation of the contract, alleging that Stephens had refused to perform his part thereof; but on the trial, it seems from the recitals in the judgment, he withdrew that part of his plea consenting to the cancellation of his bond and notes, but filed no pleading asking for judgment thereon.

The cause was tried below by the court, without a jury, and judgment was rendered for Stephens for the land, the decree canceling the award and sale of the land made by the Commissioner of the General Land Office on April 22, 1896, and also disposing of the other issues in the case, which it is not necessary now to notice. Settle, complaining of this judgment, has prosecuted his writ of error to this court for revision thereof:

The facts as disclosed by the record are substantially as follows:

On September 28, 1892, Settle resided with his family upon the west half of the said section 122, and under the Act of 1887 on that day made application to purchase the same from the State, and the same was awarded and sold to him. The land continued to be the residence of himself and family until December 26, 1894, although his family temporarily resided at Roby, the county seat of Fisher County, for five months during the year 1894, for the purpose of sending his children to school.

On December 26, 1894, he sold the southwest quarter of the section to defendant in error Stephens, representing to Stephens that he had resided thereon for more than three years, and had the legal title thereto, which representations were untrue, and Stephens, believing said statements and relying thereon, purchased said southwest quarter, paying him $100 in cash and two mules valued and accepted at $100, and executed his three notes for $100.62 each, due on the 1st day of November

in each of the years 1896, 1897, and 1898, and agreed to make all payments due to the State, both principal and interest. Settle gave defendant in error a bond for title, conditioned for making deed when the three notes were paid.

Defendant in error took possession of the southwest quarter in January, 1895, and has ever since resided thereon with his family. He failed to pay the interest due the State for 1894, as he had agreed to do, and the Commissioner of the Land Office indorsed on his books that the contract was forfeited, and on February 10, 1896, the west half of section 122 was listed, classified, and put on the market as dry agricultural land, and was so entered of record in the office of the county clerk of Fisher County. On April 1, 1896, he applied to the Commissioner to purchase the southwest quarter of the section, and tendered his obligation and the cash required, but the Commissioner refused to award him the land, for the alleged reason that Settle, under the law, had a prior right to purchase same.

On April 27, 1896, Settle again made application to purchase the land, and the same was again awarded to him on May 26, 1896. In this latter application Settle swore that he had occupied and improved the land, and had resided thereon for eight consecutive years, which affidavit was false; yet thereupon the land was awarded to him, as one having the prior right to purchase as owner at the time of forfeiture.

Without taking up the various assignments of error, it is sufficient to say that the sixth and seventh are sustained, which complain of the court's finding that Settle had abandoned the land in controversy in April, 1894; but according to our views, this disagreement with the court below on the fact of abandonment will not change the result. We still think, for another reason, that the judgment of the District Court was correct.

We think the court properly canceled the bond for title and the three notes, because they were obtained by false and consequently fraudulent representations. Settle could only count his possession from the date of his application to purchase, September 22, 1892, and to December 26, 1894, only gave him about two years and three months possession. This was a material misrepresentation, because the statute provides that after three years' possession the purchaser has the right to pay out the land in full to the State and receive a patent therefor, which he could not do with residence thereon for less than three years.

We are also of opinion that Settle had no prior right to purchase the land as owner at the date of forfeiture, because after the trade with Stephens, Settle abandoned possession and claim to this quarter section, and thus ceased to be the owner within the meaning of the law giving the prior right to purchase. When, therefore, the land was again put upon the market, it was as if it had not been sold, and Stephens, being the first applicant, and tendering the payment and obligation required by the State, and being the only actual settler thereon, should have had the land awarded to him.

For these reasons, we think the judgment ought to be affirmed, and it is so ordered.

*Affirmed.*