HECHT, Respondent, vs. SHENNERS, Appellant.

*October 4—October 24, 1905.*

*Bills and notes: Alteration after delivery: Evidence: Statutes: Foreclosure of mortgage: Personal judgment.*

1. In a promissory note certain words were stricken out by a conspicuous red ink line. The maker testified that the note contained nothing of the sort when he delivered it. His clerk testified that just before the maker signed there were no such erasures; and a clerk of the payee, who indorsed a transfer on this and a similar note three months after their execution, testified that he saw no red ink erasures on either of them, and that he looked them over sufficiently so that he would have seen

such an erasure. This testimony was direct, positive, and un-contradicted. *Held*, that it established the fact that the note was altered after delivery.

2. The exception to the rule that a note materially altered after delivery is wholly void, made by the Negotiable Instrument Law in favor of a holder in due course not connected with the alteration, is inapplicable where the transfer to such holder was made before such legislation took effect.

3. The erasure from a note, after its delivery, of words relieving the holder from the duty to give notice of his election that the principal become due upon default in interest, thus changing the legal rights of the parties, is a material alteration, even though such change is favorable to the maker.

4. Where in an action to foreclose a mortgage it appears that the note secured thereby is void because altered after delivery, there can be no personal judgment against the maker for the original consideration if the note was in fact executed by him merely as accommodation to the payee.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Reversed in part.*

Action to foreclose a mortgage for $300, which, together with a mortgage note, were executed by the defendant *Shenners* and wife. The note was in the same form as that in *Thorp v. Mindeman*, 123 Wis. 149, 101 N. W. 417, and contained the following closing paragraph:

"If default shall be made in the payment of interest or in case of failure to comply with any of the conditions or agreements of the mortgage collateral hereto, then the whole amount of the principal shall at the option of the mortgagee or his representatives or assigns (*notice of such option being hereby expressly waived*) become due and payable *without any notice whatever.*"

In the note in suit the italicised words above have been stricken out by a red ink line drawn through them. The defense of *Shenners* against personal judgment was that the note and mortgage were given to the original payee, Henry Herman, without consideration and as a mere accommodation to him, and that the note had been altered after its delivery by striking out the said italicised words. The trial court

found that the plaintiff was a holder in due course; that the evidence was not sufficient to warrant a finding that such alteration was made after the execution of the note; also that, even if such alteration had been made, the same was not so material as to avoid the note or affect defendant's rights. Whereupon judgment of foreclosure was rendered, ordering personal judgment against defendant *Shenners* for any deficiency. From the portion ordering such deficiency judgment, defendant *Shenners* appeals.

*Edgar L. Wood,* for the appellant.

For the respondent there was a brief by *Lenicheck, Fairchild & Boesel,* and oral argument by *F. T. Boesel.*

Dodge, J. We find ourselves unable to agree with the trial court that the evidence is not sufficient to justify a finding that the note in suit was altered after its execution and delivery by the striking out of the words mentioned in the statement of facts. Of course, we recognize the rule, to which the trial court doubtless deferred, that such a fact must be proved clearly and beyond reasonable controversy, but in this case the evidence is all one way and, if believed, is conclusive. The striking out of the words mentioned was accomplished by a broad red ink line drawn through them, erasing most of the last line of the document and a single word from the preceding line. It was the only red ink marking upon the note, and was glaringly obvious. The defendant *Shenners* testified that the note contained nothing of the sort when he delivered it. His clerk, who witnessed the papers, testified that he had read them over before *Mr. Shenners's* signature, that the nine notes were all alike, and that none of them contained red ink erasures. There were executed at the same time nine notes and mortgages, identical in all respects except the lot of land covered by each separate mortgage. Several of these notes were found and produced upon the trial in evidence, and none of them contained any such erasure. The witness

Smrz, a clerk for the payee, Herman, who had this note and another of the set in his hands some three months after their execution, and indorsed upon them the transfer from Herman to the plaintiff, testifies that he saw no difference between the two, that he saw no red ink erasures in either of them, and that he looked them over sufficiently so that he would have seen such an erasure. Now, with all due deference to the rule for exactness of proof in such cases, we are satisfied that this is sufficient. Unless at least two of these witnesses testified falsely, it is proved by direct, positive evidence that this alteration of the printed part of the note occurred after its delivery. If such evidence as this will not suffice, it seems well nigh impossible for the maker of a note to ever prove its alteration, for hardly any additional evidence is conceivable save that of the very person making the alteration or of an eye-witness thereof, and certainly the law is not so unreasonable as to require a wrong to be proved exclusively by the evidence of the wrongdoer. We must, therefore, reverse the finding, and hold that the evidence does establish clearly and beyond controversy that this note was altered in the respect described after its execution and delivery. Whether such alteration occurred after it had passed from Herman to the plaintiff we shall deem it unnecessary to decide, although it should be noted that the entire failure of the plaintiff and of his several agents who had possession of the note to offer any denial to the charge of alteration is highly significant against him.

If the note has been altered in a material respect since its delivery, it is receivable in evidence for no purpose except to prove such alteration, and is wholly void either in the hands of the original payee or any subsequent holder thereof, however innocent. 3 Rand. Com. Paper (5th ed.) § 1777; 2 Daniel, Neg. Inst. § 1413; 2 Am. & Eng. Ency. of Law (2d ed.) 193, 196; *Angle v. N. W. Mut. Life Ins. Co.* 92 U. S. 330, 342; *Low v. Merrill,* 1 Pin. 340, 344; *Kilkelly v.*

*Martin,* 34 Wis. 525, 530. The exception to this elementary rule of law in favor of a holder in due course, not connected with the alteration, established by the Negotiable Instrument Act (ch. 356, Laws of 1899), is inapplicable, for the rights of the parties became fixed at the date of transfer to plaintiff April 12, 1899, while that legislation did not take effect until May 15th following.

The materiality of the alteration in question cannot be doubted. Although it did not affect the negotiability of the note (*Thorp v. Mindeman,* 123 Wis. 149, 101 N. W. 417), it did change the legal rights of the parties under the contract, in that, the stricken words being present, the holder of the note would not be bound to give notice of his election that the principal became due upon default in interest, while without those words he would be required to give such notice. *Basse v. Gallegger,* 7 Wis. 442; *Marine Bank v. International Bank,* 9 Wis. 57, 68; *Julien v. M. B. L. & I. Assoc.* 116 Wis. 79, 92 N. W. 561. Any alteration which changes the legal effect of the instrument upon the rights of the parties is a material alteration, whether such change be prejudicial or favorable to the maker. 2 Am. & Eng. Ency. of Law (2d ed.) 186, 225; 2 Daniel, Neg. Inst. (5th ed.) § 1375.

Contention for personal judgment for the original consideration, although none can be had upon the void note, cannot be sustained, for the reason that there was no original actual consideration; the papers having been executed by *Shenners* merely as accommodation to Herman.

*By the Court.*—The part of the judgment appealed from is reversed and stricken out, and the cause is remanded with directions to enforce the judgment as so modified.