### REED v. WATSON. (No. 59.)

(Court of Civil Appeals of Texas. Waco. May 8, 1924.)

1. **Bills and notes** ⬅️133—**Memorandum on note as to due date held not available to contradict absolute statements in body of same.**

A note certain and complete within itself as to the due date may not be contradicted by a marginal memorandum in a lower corner thereof, indicating a different due date.

2. **Frauds, statute of** ⬅️131(2)—**Parol extension of note for period in excess of year invalid under statute.**

A parol extension of a note for a period in excess of one year is invalid and unenforceable, under Rev. St. art. 3965.

3. **Frauds, statute of** ⬅️115(1)—**Limitation of actions** ⬅️48(1) — **Written memorandum, not signed by maker, held insufficient under statute of frauds as valid extension of note to toll limitations.**

A memorandum on the lower corner of a note, indicating a due date different from that specified in the body of the note, which memorandum was not signed by the maker, *held* insufficient, under Rev. St. art. 3965, to constitute a valid extension of same, which could be asserted to save the instrument from operation of the statute of limitations.

Error from McLennan County Court; Giles B. Lester, Judge.

---

Action by R. Watson against F. W. Reed. Judgment for plaintiff, and defendant brings error. Reversed and rendered.

Garrett & Sheehy, of Waco, for plaintiff in error.

R. W. Cowan, of Mart, for defendant in error.

GALLAGHER, C. J. This suit was instituted by defendant in error, R. Watson, against plaintiff in error, F. W. Reed, in the justice court on January 30, 1922. The parties will be designated as in the trial court. Plaintiff sued on note executed to him by defendant, alleging that the same was dated June 10, 1916, and due by renewal on the 1st day of January, 1922, for the sum of $109, with interest at the rate of 10 per cent. per annum from date, and. also on open account for $17.20. The defendant, among other defenses, pleaded the four-year statute of limitation. Trial in the justice court was had, and resulted in judgment for the plaintiff for the amount of both the note and account, and defendant appealed to the county court.

When the case was called for trial in the county court, defendant excepted to the allegation of plaintiff that the note sued on was due by renewal on January 1, 1922, on the ground of failure to allege at what time said note was renewed, and whether such renewal was in writing or made verbally. The court sustained the exception, and plaintiff amended by pleading that such renewal was in writing, and was made on or about the 31st day of December, 1920. The note sued on was introduced in evidence. It was due by its terms on the 1st day of January, 1917. At the lower left-hand corner thereof, below the signature, there was printed the word "Due," followed by a blank line, and immediately below the same the word "Address," followed by another blank line. Upon the first of said blank lines on the note when offered in evidence, after the word "Due" appeared the following: "Jan. 1st, 1922." Plaintiff testified upon the trial that when he got the note this line read, "Due Jan. 1st, 1917;" that a short time before the note would have been barred by limitation he asked the defendant to give him a new note, but the defendant said it would not be necessary; that he would renew the old note by erasing the figures "17" on the line in the lower left-hand corner and writing the figures "22" instead; that defendant then took the note, erased the figures "17" in said line, and put there the figures "22," so that the said line then read as shown by the note introduced in evidence; that this occurred about three weeks before the note would have been barred; that defendant did not sign his name again, or write anything; that all he did was to change the figures as above recited. Defendant testified as a wit-ness in his own behalf and strenuously denied that he was ever approached with reference to the renewal of said note, that he ever promised to renew it, or that he changed the figures therein as testified by plaintiff. The court rendered judgment in favor of plaintiff against the defendant for the full amount of both the note and the open account sued on. Defendant has brought the case to this court on writ of error.

Defendant, by appropriate assignments and propositions, assails the judgment of the court on the ground that the same is contrary to the undisputed evidence, in that such evidence showed that the note upon which plaintiff is suing fell due January 1, 1917; that plaintiff did not bring his suit until January 30, 1922; that the only attempt at an extension of said note, shown by the evidence, was that introduced by plaintiff, to the effect that defendant had changed the due date on said note by erasing and changing "1917" to "1922"; that the undisputed evidence showed that, other than said change, there had been no attempt at an extension of said note; that· defendant did not sign said memorandum extending the same; and that, under the law applicable to such state of facts, plaintiff was not entitled to recover on said note.

[1] The note sued on was, by the terms embraced in the body thereof, made payable on January 1, 1917. It was a certain and complete contractual obligation, independent of the due date in the lower left-hand corner thereof. Such being the case, said due date constituted a mere memorandum. It was not a part of the note proper, and could not be looked to, to contradict the terms expressed in the face of the same. Dark v. Middlebrook, 18 Tex. Civ. App. 695, 45 S. W. 963; Washington County State Bank v. Central Bank & Trust Co. (Tex. Civ. App.) 168 S. W. 456; Head v. Cleburne Bldg. & Loan Ass'n (Tex. Civ. App.) 25 S. W. 810; Yost v. Watertown Steam Engine Co. (Tex. Civ. App.) 24 S. W. 657; Marrow v. Richardson (Tex. Sup.) 6 S. W. 763; Foster v. Iowa City State Bank. (Tex. Civ. App.) 201 S. W. 733, 734.

[2, 3] Plaintiff predicated his right to recover upon his allegation that the time of payment of the note sued on was extended in writing. According to his testimony, this renewal occurred about three weeks before January 1, 1921, at which date said note, unless renewed, was barred by the statute of limitation. By the purported extension and renewal, said note' was made payable January 1, 1922, more than one year thereafter. Revised Statutes, art. 3965, provides that no action shall be brought in any court upon any agreement which is not to be performed within the space of one year from the making thereof, unless such agreement shall be in writing and signed by the party to be

charged therewith. Any extension by parol of the maturity of the note sued on to such time would have been invalid, and unenforceable under the terms of said article. Tunstall v. Clifton (Tex. Civ. App.) 49 S. W. 244 (writ refused); Kearby v. Hopkins, 14 Tex. Civ. App. 166, 36 S. W. 506, 515 (writ refused). It was therefore necessary for plaintiff, in order to meet defendant's plea of limitation, to prove that such agreement was in writing and signed by the defendant, or by his authority. The marginal memorandum on said note introduced in evidence was not so signed. It therefore failed to meet the requirements of the statute, and failed to show a valid extension of the time of payment of said note. Plaintiff failed to meet the defense of limitation interposed by defendant, and the court erred in rendering judgment for the amount of said note.

The judgment of the trial court is reversed and judgment is here rendered that plaintiff take nothing on the note sued on herein, but that plaintiff have and recover of defendant on the open account sued on herein the sum of $17.20, with interest from the 1st day of January, 1921. The costs accrued in this court and in the county court are adjudged against plaintiff.