MERTZ, Respondent, vs. FLEMING and others, Appellants.

*October 15—November 11, 1924.*

*Alteration of instruments: What constitutes: Relevancy of memorandum added: Word "understood" as equivalent of "agreed:" · Alteration beneficial to indorsers.*

1. Plaintiff's insertion in a promissory note of the words "It is understood that a payment of at least $50 a month will be made on the within note," after its execution, delivery to plaintiff's agent, a bank, and indorsement by defendants, did not extend the time of payment. p. 60.

2. Under sec. 1675—10, Stats. 1921, the memorandum inserted in the note, to be a part of the instrument so as to constitute a material alteration, must be material to the contract; and indorsements having no relevancy or bearing on the terms and conditions of the note will not be construed to affect its terms. p. 60.

3. The memorandum inserted in the note in this case is *held* to constitute a material alteration so as to release the indorsers because changing the time and manner of payment, the word "understood," as used in the memorandum, being synonymous with "agreed." p. 62.

4. In view of secs. 117.42 and 117.43, Stats. 1923, the alteration in the note, though beneficial to those not consenting thereto, nevertheless avoids the note as to them because it is no longer their contract. p. 63.

APPEAL from an order of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Reversed.*

This is an action against the makers and indorsers of a promissory note. The note was signed by Minnie Richard and George Richard, was dated September 18, 1922, by the terms of which the makers agreed to pay the plaintiff $3,000 one year after date. It was indorsed by the appealing defendants, six in number. The indorsers answered the complaint, alleging as a defense that, after the execution of said promissory note by them as indorsers thereof, the plaintiff, without the knowledge or consent of the indorsers, made a material alteration in said instrument by entering into an agreement with the makers wherein and whereby the time of payment of said instrument was altered, and that said agreement was a material alteration of said instrument, which agreement was written on the left-hand margin on the face of said note, and is in the following words: "It is understood that a payment of at least $50 a month will be made on the within note." It is further alleged that this agreement was made after the indorsers had signed their names to said promissory note and after the same had been delivered to the plaintiff's agent, to wit, the First National Bank of West Allis. The plaintiff demurred to this answer on the ground that it did not state facts sufficient to constitute a defense. The demurrer was sustained. From the order sustaining the demurrer the answering defendants appealed.

The cause was submitted for the appellants on the brief of *Joseph E. Tierney* of Milwaukee, and for the respondent on that of *Upham, Black, Russell & Richardson* of Milwaukee.

OWEN, J. We are to consider the effect of the words, "It is understood that a payment of at least $50 a month will be made on the within note," which appeared on the left-hand margin thereof. It is the contention of the appel-

lants that these words constitute a material alteration of the
note and have the effect of extending the time of payment,
thereby releasing them from their contract as indorsers.
We may say at the outset that, whatever effect is to be
accorded these words, they do not extend the time of pay-
ment. The body of the note provides that the whole amount
of $3,000 shall be paid within one year from date. We
cannot accord to the words under consideration the con-
struction contended for by appellants, that the agreement
or understanding that a payment of at least $50 a month
will be made extends the time of payment of the entire
amount of the note beyond one year from its date. It can-
not mean more than that payments of at least $50 a month
will be made during the year. The whole amount, however,
was due and payable one year from the date of the note.
We need say nothing further concerning this contention.

We think it equally plain, however, that it does consti-
tute a material alteration of the note. It is the contention
of the appellants that the words constitute a mere memo-
randum placed thereon for convenience and to indicate that,
while the note is not due until one year from the date there-
of, the payee will accept payments of at least $50 per month
as they may be made during the year. It is not always easy
to determine whether words thus written upon the face of
a note constitute a mere memorandum or a change in the
terms of the note. In 2 Corp. Jur. 1211, it is said that
"If what is written upon or attached to an instrument is
altogether collateral to the body thereof, and does not re-
strict or alter its operation, it will be considered as a mere
memorandum and without effect." This principle is recog-
nized by the provisions of sec. 1675—10, Stats. 1921, which
provides that memoranda material to the contract, if made
at the time of delivery, are part of the instrument, the im-
plication being that in order to make the memoranda a part
of the instrument the memoranda must be material to the
contract. Indorsements having no relevancy or bearing

upon the terms and conditions of the note will not be construed as affecting its terms. This, however, cannot be said of the words under consideration. These words relate to the time and manner of payment. The body of the note provides that the sum of $3,000 shall be paid one year after date. This memorandum changes the time and manner of payment. It provides that $50 a month will be paid on the note. This clearly modifies the terms of the note and must be held to constitute an alteration of its terms if they be contractual in their nature.

Appellants contend that the word "understood" should not be construed as indicating an agreement on the part of the makers of the note to make monthly payments of at least $50, but that it should be construed as nothing more than an anticipation that such payments may be made, and, if made, will be received. To this proposition they cite *Camp v. Waring,* 25 Conn. 520; *Black v. Columbia,* 19 S. C. 412, in which the meaning of the word "understanding" is considered and held to be too uncertain and ambiguous to indicate a meeting of the minds and a distinct and express contract between the parties. This conclusion, however, is not in harmony with the view which this court has taken of the meaning of the word "understood."

In *Barkow v. Sanger,* 47 Wis. 500, 3 N. W. 16, the special verdict of the jury contained this question:

"Was it understood by and between the plaintiff and Stolper, at the time when Stolper gave him the chattel mortgage, that Stolper should continue to carry on his business of selling wood, at his woodyard, and would sell and dispose of the said mortgaged wood and its proceeds, as part of his stock in trade, in the usual course of his business and trade as a wood-dealer?" The jury answered "There was no agreement made."

It was insisted that this answer was not responsive to the question. The court considered the meaning of the word "understanding," and held that it was synonymous with

"agreement." . It was shown not only that Webster defines the word "understanding" as "anything mutually understood or agreed upon," but it was pointed out that in many of the opinions of this court the word "understanding" was used as synonymous with "agreement," and it was concluded that the answer of the jury was responsive to the question.

In *Barkhausen v. C., M. & St. P. R. Co.* 142 Wis. 292, 124 N. W. 649, 125 N. W. 680, the court had under consideration the following clause appearing in a deed:

"It is also understood that the Chicago, Milwaukee & St. Paul and the Chicago & Northwestern Railroad Companies have and shall have a joint right of way twenty feet wide across the whole of lot one (1) at a place where the track is now located, extended in a straight line across said lot."

It was held that the word "understood" as used in the sentence in question is synonymous with the word "agreed." See, also, *Mount v. Board of Comm'rs,* 168 Ind. 661, 80 N. E. 629. In legal tautology the word "understood" is quite universally used as synonymous with "agreed," and we perceive no reason why its meaning should be considered doubtful or equivocal when used in isolation. We therefore hold the language under consideration should be construed as though it read it is *agreed* that a payment of at least $50 a month will be made on the within note.

Sec. 117.43, Stats. 1923, provides that any alteration which changes the time or, place of payment or any other change or addition which alters the effect of the instrument in any respect is a material alteration. As originally executed, the payment of no part of the note could be enforced until one year after date. As changed, monthly payments of $50 during the year could be enforced. This constituted a material alteration. Sec. 117.42 provides that a material alteration of a note without the assent of all parties liable thereon is void except as against a party who has himself made, authorized, or assented, orally or in writing,

to the alteration. It matters not whether the alteration be beneficial or detrimental to those not consenting. If the alteration be beneficial to those not consenting, it nevertheless avoids the note because the note is no longer their contract. It becomes a contract to which they have not agreed. *Hecht v. Shenners,* 126 Wis. 27, 105 N. W. 309; *Washington F. Corp. v. Glass,* 74 Wash. 653, 134 Pac. 480; *Dille v. Longwell* (Iowa) 197 N. W. 439.

The answer stated a defense, and the demurrer thereto should have been overruled.

*By the Court.*—Order reversed, and cause remanded with instructions to overrule the demurrer to the answer.