MERTZ, Respondent, vs. FLEMING and others, Appellants.

*October 13—November 9, 1926.*

*Appeal and error: Motion for judgment on pleadings after demurrer to answer overruled: Constructive denial of defensive matter: Bills and notes: Alteration: Notation as to partial payments: Agency of one making alteration: Question of fact for court.*

1. A motion by defendant for judgment on the pleadings after an order of the circuit court had been reversed on a former appeal and the cause remanded with instructions to overrule a demurrer to the answer, was properly denied in view of sec. 263.26, Stats., providing for a constructive denial of defensive matter set up in an answer without additional pleading by plaintiff.  p. 306.

2. The evidence in this case is *held* to support findings that one making a notation on a note claimed to be an alteration was not acting as agent of the payee in that regard, and that the notation did not constitute a material alteration but was made merely for identification purposes.  p. 309.

3. A finding of .fact not contrary to the clear preponderance of the evidence cannot be set aside on appeal.  p. 309.

APPEAL from a judgment of the circuit court for Milwaukee county: E. B. BELDEN, Judge. *Affirmed.*

The appeal is from a judgment in favor of the plaintiff and against the defendants.

*Joseph E. Tierney* of Milwaukee, for the appellants.

For the respondent there was a brief signed by *Upham, Black, Russell & Richardson,* attorneys, and oral argument by *Perry J. Stearns,* of counsel, all of Milwaukee.

DOERFLER, J. On a former appeal from an order sustaining a demurrer by the plaintiff to the answer of the defendant the order of the circuit court was reversed, and the cause was remanded with instructions to overrule the demurrer to the answer. *Mertz v. Fleming,* 185 Wis. 58, 200 N. W. 655. Plaintiff's cause of action and the allegations in the answer are there fully set forth and will not be repeated herein, excepting only in so far as it may be necessary to present and determine the issues involved in this appeal.

The answer did not include a counterclaim, and the new defensive matter alleged consists of the allegation that after the note had been signed by the defendants, who were indorsers, and delivered to one Markert, the assistant cashier of the First National Bank of West Allis, it was materially altered by said Markert, who was acting in the matter as agent for the plaintiff. After the *remittitur* had been returned to the circuit court the defendant promptly moved for judgment on the pleadings, which motion was denied, and rightly so, under the provisions of sec. 263.26 of the Statutes, which provides for a constructive denial without resorting to any additional pleading as far as the plaintiff is concerned. The case, therefore, under the original pleadings, in its main issue presented a question of fact to be determined by the court (a jury having in this case been waived), and this issue involved the question whether Mar-

kert, when he made the notation on the note claimed to be
an alteration, was acting as the agent of the plaintiff in that
regard, and, whether he was acting within the scope of his·
authority.

One Mertz, the husband of the plaintiff, prior to his death
in July, 1922, conducted a tire shop in West Allis, together
with one Richard, his copartner.   Before his death he no-
tified his wife that if anything should happen to him she
should apply to Markert to attend to her affairs, and when ·
Mr. Mertz ·died she complied with this request, conferred
with Markert, and an application was made for the appoint-
ment of the latter as the administrator of the estate of the'
·deceased, and Markert was so appointed and qualified.   In
the course of the administration Richard expressed a desire
to purchase the interest of his former copartner, after it had,
been ascertained that his interest was worth about the sum
of $3,000.   The partnership at that time was indebted to
the First National Bank of West Allis in the sum of $500,
and Richard applied to the bank for a loan of $3,000, which
application was turned down by· the bank.   Other efforts
were made · by ·Richard to obtain the desired amount, but
were unsuccessful, and inasmuch as the plaintiff had come
into possession of certain life insurance moneys which had
·been paid over after the death of her husband, the feasibility
of her advancing this money to Richard on his note and that
of his wife, properly indorsed, was suggested.   After a con-
·ference between Markert and the plaintiff, the plaintiff sug-
gested the six indorsers, appellants herein, and she then also
agreed that the note was to run for a period of one year.
Markert then prepared the note, handed it to Richard, who,
together with his wife, signed it as makers, and upon being
submitted to the indorsers it was signed by them as such and
delivered to Markert at the bank.

It was after such delivery that the- suggestion was first
made by Richard that he desired to make monthly payments

of $50 upon the note, and thereupon Richard inquired of
Markert how the representatives of the bank would know
on what obligation these payments should be applied, and
Markert testified that, in order that other agents of the bank
would be fully informed, he entered the notation in ques-
tion upon the note.  For a period of five months thereafter
Richard paid instalments of $50 at the end of each month,
which amounts were credited upon the note.  Upon receipt
of these instalments Markert would make out a deposit slip
and take it to the home of the plaintiff, who was there con-
fined with illness, and submit the same to her.  These slips
each contained a credit of $50, with the notation that they
had been paid by Richard.  Upon each occasion Markert
produced plaintiff's bank deposit book, and in her presence
entered the amount thereof to the credit of her account,
placing at the side of the figures the initials "G. R.," these
initials being those of Richard.  There is no evidence in the
case to show that the plaintiff knew the purpose for which
these instalments had been paid, she testifying that she was
under the impression that they were monthly payments of
rent due from Richard for his occupancy of the shop.  She
was at no time informed that any alteration whatsoever had
been made upon the note by Markert, and it is undisputed
that the plaintiff never saw the note until about the time of
the trial of the action.

Defendants' counsel admits that Markert had no express
authority from the plaintiff to make any alterations in the
note, but he claims that all the facts and circumstances in the
case conclusively establish an implied authority, and he bases
such implied authority on the testimony of the plaintiff to
the effect that the deceased husband of the plaintiff had,
prior to his death, requested her to engage Mr. Markert to
attend to her affairs in the event of his death.

It is true that on several occasions the plaintiff made state-
ments during the trial from which an inference could be

Mertz v. Fleming, 191 Wis. 305.

drawn to the effect that Markert was constituted the general agent with respect to all of her affairs.   These statements cannot, however, be singled out from the testimony and permitted to stand alone, for the purpose of establishing defendants' contention, but they must be viewed in the light of all testimony, both preceding and succeeding such statements; and when the entire testimony is read it appears quite clearly that what the plaintiff said referred solely to attending to all matters pertaining to the administration of the deceased's estate and the disposition of his assets.   In any event, however, the issue presented is one of fact, and the court having found in plaintiff's favor and against the defendants, and such finding not being contrary to the clear preponderance of the evidence, the same cannot be set aside.

Other interesting issues are presented in this case which we deem it unnecessary to consider, excepting only to say that, even though the implied agency had been established and found, nevertheless there was ample foundation for the holding of the court to the effect that the notation did not constitute a material alteration in fact, and that it was made merely for identification purposes.

The judgment of the circuit court must therefore be affirmed.

*By the Court.*—Judgment affirmed.