GROOTEMAAT, Appellant, vs. BERTRAND and others, Respondents.

*March 8—April 5, 1927.*

*Mortgages: Acceleration of maturity upon default occurring: Necessity of notice of exercise of option: Waiver: Power of court to relieve from consequences of default.*

1. A provision in a mortgage for the maturity of the whole debt on default of the mortgagor in performing the covenants thereof is a mere condition of the contract, and neither a penalty nor a forfeiture. p. 521.

2. Where the mortgage gives the mortgagee an option to accelerate the maturity of the debt upon default occurring, he must give notice of his election to exercise such option though nothing is said about giving notice; but where the acceleration clause expressly waives notice none is necessary. p. 521.

3. In an action to foreclose the mortgage, declared due because of the mortgagors' default, the court is without power to relieve the mortgagors on their making good the default. p. 522.

APPEAL from a judgment of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Reversed.*

For the appellant there was a brief by *Roehr & Steinmetz* of Milwaukee, and oral argument by *Julius E. Roehr.*

*Timothy J. Hannan* of Milwaukee, for the respondents.

OWEN, J. This is an action to foreclose a mortgage executed by the defendants to the plaintiff May 29, 1925, to secure the payment of the sum of $17,000. The mortgage provided that in case of default on the part of the mortgagors in keeping and performing the covenants and conditions of the mortgage continuing for a period of sixty days, "the whole amount of the said principal sum remaining unpaid, together with the interest, and all sums so paid by the mortgagee or his heirs or assigns, and interest thereon as aforesaid, shall, at the option of said mortgagee, his heirs or assigns, be deemed to have become due without notice, notice of such option being hereby expressly waived."

The mortgagors defaulted in the payment of taxes February 1, 1926, and in the payment of an instalment of interest amounting to $510 which became due and payable May 29, 1926. This action was commenced on September 8, 1926. On September 28, 1926, defendants paid the taxes for the year 1925, but plaintiff was not notified thereof until the trial. In November, 1926, after notice of application for judgment had been served, defendants offered to pay the interest together with the taxable costs, and at or before the time of trial the interest instalments due in May and November, 1926, were paid by the defendants to the clerk of the court. The court adjudged and decreed "that by reason of the tender and the payment to the clerk of this court in open court of the sum of $1,020 as interest, and the further sum of $185 as solicitor's fees, and the further sum of $60.50 as taxable costs, the defaults alleged by plaintiff in his complaint have been cured and the parties to this action have

been placed in the position they were before the commencement of said action," and dismissed plaintiff's complaint. This appeal is from that judgment.

It is stated in appellant's brief that the trial court regarded the option provision of the mortgage as a penalty and considered that it was within the equitable power of the court to relieve the defendants from the forfeiture upon their making good their defaults. While this proposition is not urged by the respondents to sustain the judgment, it may be said that such provisions are neither penalties nor forfeitures. They are merely conditions of the contract entered into by the parties. They result only in an acceleration of the time of payment. The duties and obligations of the mortgagors remain the same. They must pay that which the mortgage was given to secure. But by reason of the terms of their own contract the time of payment is hastened. 41 Corp. Jur. 14; *Stern v. Rainier*, 193 Iowa, 665, 187 N. W. 442.

Respondents seek to sustain the judgment solely on the ground that it was incumbent upon the plaintiff to give the defendants notice of his option to declare the whole amount due and payable. This court is committed to the doctrine that where a provision of the mortgage gives to the mortgagee the option to declare the full amount secured by the mortgage due and payable upon the default of the mortgagor, and nothing is said in the mortgage about giving notice of such option, the mortgagee must give notice of his election to exercise such option. *Basse v. Gallegger*, 7 Wis. 442; *Julien v. Model B., L. & I. Asso.* 116 Wis. 79, 92 N. W. 561. This is contrary to the rule obtaining in most jurisdictions, which hold that the rights of the parties are fixed by the contract, and that to require such a notice would be to add a provision to the contract not supplied by the parties themselves. In requiring such a notice to be given in this jurisdiction it is not considered that the contract is in any respect modified, but that it is in the nature of a

condition precedent the performance of which equity will require before the mortgagee will be permitted to pursue his equitable remedy.    In other words, it is merely a rule of equity.    *Julien v. Model Building, L. & I. Asso., supra.*    But in this case the mortgage expressly provides that no such notice shall be necessary, and such notice is definitely waived.    Under such a provision the notice cannot be required without emasculating the contract made by the parties.    No reason is perceived why mortgagors may not waive such notice if they see fit to do so.    The distinction between such a provision where nothing is said in the contract about notice of election to exercise the option and a similar provision expressly waiving such a notice is recognized in *Hecht v. Shenners,* 126 Wis. 27, 105 N. W. 309.    We think the distinction is obvious, and that there is no room for requiring such a notice under so-called option provisions by the terms of which it is expressly provided that no such notice shall nor need be given.    The mortgagors in the instant case being in default, both in the payment of taxes and the interest instalment which fell due May 29, 1925, for a period of more than sixty days, the plaintiff was authorized, by force of the contract, to declare the full amount secured by the mortgage due and payable, and this without the giving of notice of his election to exercise such option.    The commencement of the action was sufficient notice of such an election, and a court of equity cannot frustrate the prosecution of such foreclosure proceedings without disregarding the plain terms of the contract.    Plaintiff's complaint was therefore improperly dismissed.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings according to law.