**CLIFTON MERCANTILE CO. v. GILLAS-PIE. (No. 662.)**

Court of Civil Appeals of Texas. Waco. May 17, 1928.

Rehearing Denied June 21, 1928.

1. **Alteration of instruments ⟝9—Whether addition of particular words constitutes alteration or mere marginal memorandum depends on intention as shown by relation of words to instrument.**

Whether particular words added constitute part of an instrument under consideration claimed to have been altered, or a mere marginal memorandum, depends on the intention of the parties, and is determined from the instrument considered in the light of the circumstances attending its execution and from the purpose of the words and their relation to the subject-matter of the instrument.

2. **Alteration of instruments ⟝9—Addition to note after delivery, and without maker's consent, of words, "Pay $50 per month," held material alteration avoiding instrument (Rev. St. 1925, art. 5939, § 124).**

Addition to note for $657, made payable in three months, of words, "Pay $50 per month," after its execution and delivery and without the knowledge and consent of the maker, *held* to constitute material alteration avoiding instrument under Rev. St. 1925, art. 5939, § 124, since the added words purported to constitute a part of the instrument, and were not merely a marginal memorandum as distinguished from a contractual stipulation.

3. **Alteration of instruments ⟝25, 30—Materiality of alteration is generally question of law, but person claiming alteration must allege and prove alteration was without his consent.**

Materiality of particular alteration of instrument is ordinarily matter of law for the court, but party seeking to avoid liability on the instrument must allege and prove that the alteration has been made without his consent.

4. **Trial ⟝352(5)—Special issues, submitting question whether note and mortgage were altered after execution without maker's consent, held not duplicitous under evidence.**

In suit for cancellation of mortgage on ground of material alteration without maker's consent, submission of special issues as to whether note and mortgage had been altered after their execution without knowledge and consent of maker *held* not erroneous on ground issues were duplicitous, where the only controverted issue was as to whether the words were added before or after the execution of the instrument.

Stanford, J., dissenting.

Appeal from District Court, Bosque County; Irwin T. Ward, Judge.

Suit by Tom Gillaspie against the Clifton Mercantile Company, in which defendant as-serted a cross-action. Judgment for plaintiff, and defendant appeals. Affirmed.

W. V. Dunnam, of Waco, for appellant.

J. P. Word, of Meridian, and J. L. Bird, of Walnut Springs, for appellee.

GALLAGHER, C. J. This suit was instituted by appellee, Tom Gillaspie, against appellant, Clifton Mercantile Company, a corporation, to cancel a certain note and mortgage theretofore executed and delivered by him and one Charles D. Cabler. Appellee alleged as ground for cancellation that both said note and mortgage had been materially altered without his consent. Appellant denied appellee's allegations and by cross-action sought recovery upon said note and foreclosure of said mortgage. The case was tried before a jury. Appellant at the close of the evidence requested a peremptory charge instructing the jury to return a verdict in its favor for the amount of the principal, interest, and attorney's fees due on said note. The court refused to give said charge and submitted the case to the jury on special issues, which issues and the answers of the jury thereto are as follows:

"(1) Did O. C. Orbeck, without the knowledge and consent of Tom Gillaspie, after the execution of the note for $657, dated August 1, A. D. 1926, add to the same the words: 'Pay $50.00 per month'?" Answer: "Yes."

"(2) Did O. C. Orbeck, without the knowledge and consent of Tom Gillaspie and after the execution of the chattel mortgage offered in evidence, add the following words to said chattel mortgage: 'One Ford truck, one Reo truck, being the trucks Tom Gillaspie is now using in the dray and transfer business in Meridian, Texas, one Mandt wagon running gear bought of Clifton Mercantile Company, renewed'?" Answer: "Yes."

The court rendered judgment on said findings in favor of appellee, canceling and annulling said note and mortgage and denying appellant any recovery on his cross-action.

Opinion.

Appellant by its first proposition complains of the action of the court in refusing its requested peremptory charge; and by its first additional propositon, of the action of the court in canceling said note on the finding of the jury with reference thereto. By its fifth proposition it asserts that it was the duty of the court to render judgment in its favor on said note, notwithstanding said finding of the jury. Appellant nowhere attacks the finding of the jury that the words, "Pay $50.00 per month," were placed on said note after it was executed and delivered to appellant and without the knowledge and consent of appellee. Said propositions are based on the contention that said words as placed on said note were a mere marginal memorandum and constituted

⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

no part of the same, and, further, that said words did not constitute a material alteration thereof. A photostat of said note appears in the statement of facts. It was executed on a printed form. It was dated August 1st, 1926, and was to mature, according to the provision contained in the first line thereof, "on or before October 1st, 1926." The words found by the jury to have been added to said note were typewritten thereon just below the last line of the printed form and as close thereto as reasonably possible. In fact, the capitals and other tall letters therein are in actual contact with the printed line above. They begin near the left-hand margin of the note and extend to the right nearly one-third of the width of the paper. The lower line of said words, extended, would intersect only the high letters in the signature of appellee to said note. The ordinary letters of his signature lie wholly below such line. Below said words, and separated therefrom by a double space, appears the word "Meridian," and immediately beneath the same the word "Brownsville," same being the post offices of the respective signers of said note. The top of the word "Meridian" is below the line on which the name of appellee, the first signer to said note, appears. Said note was executed and delivered in renewal of the balance due on a prior note. Appellee testified that it had been his custom to pay $50 per month on said prior note, and that he intended to continue making such payments on the new note if he was able to do so, but that nothing to that effect was said at the time. Appellant's president testified that he prepared the note and presented it to appellee for his signature in Meridian on August 1, 1926; that appellee did not sign it then, but did sign it in the street in Meridian when again presented to him by said witness on August 26, 1926. He further testified as follows:

"The note is now absolutely in the same condition it was at the time it was signed. * * * As to whether or not there was any discussion between Mr. Gillaspie and myself as to how he would undertake to pay his note, he was to pay it on the same basis as the old note had been paid, or $50 a month, and he was to start on October 1, 1926. That agreement, however, was verbal. He said he would do the best he could and pay this note like he did the other one. I told him I would let him pay it as he could and pay this note like he did the other one. I told him I would let him pay it as he could, or about $50 a month. Mr. Gillaspie had neglected to pay anything on the old note for more than a year, and I said, 'Now, about October 1st we will start again on the new note and you will pay about $50 a month as you did on the old note,' and he said he would pay as much as he could and it might be $25 and it might be $50. He also had the privilege of paying it all at one time if he wanted to, in which event I could allow him a discount. There was nothing said by myself or by Mr. Gillaspie as to whether I might declare the note due in the event of failure on his part to make any monthly payment. I did not file suit on the note before its final due date. I never filed any suit except this cross-action. * * * You asked me if this note was to be paid monthly, why didn't I make it for the full amount due in so many months hence and payable $50 per month, and why I made the full amount due appear October 1, 1926. My answer is that I always make my notes this way, with the full amount due."

The conversation above recited with reference to payment in installments of $50 each evidently occurred at the time appellee signed said note. There is no testimony whatever in the record tending to show that said words were added as a memorandum for convenience or reference.

[1, 2] Whether particular words constitute a part of an instrument under consideration, or a mere marginal memorandum for convenient information, depends on the intention of the parties to such instrument, and such intention must be gathered from the instrument itself, considered in the light of the circumstances attending its execution. Lovenberg v. Henry, 104 Tex. 550, 551, 140 S. W. 1079. Naturally, the position of the words under suspicion, their relation to the subject-matter of the instrument, and their connection with the text thereof, are matters entitled to great weight in determining the issue. Eaton v. Delay, 32 N. D. 328, 155 N. W. 644, 646–648, L. R. A. 1916D, 528. In this case the words, "Pay $50.00 per month," were added to the printed form above the signatures of the makers and are not separated from the body of the note by any intervening space. They are not found on the lower margin of the note below the signatures of the makers, as was the case in Clem v. Chapman (Tex. Civ. App.) 262 S. W. 168, 169, and 171, and Reed v. Watson (Tex. Civ. App.) 262 S. W. 178, 179, cited and relied on by appellant. Neither do they constitute the mere filling of a blank in a printed marginal memorandum, as in the case of Eaton v. Delay, supra. The testimony of appellant's president shows that the note was prepared by him more than three weeks before it was signed by appellee, and that the conversation concerning payments of $50 per month thereon occurred at the time it was signed. The words under consideration are in harmony with the terms of payment actually agreed upon by the parties at the time of signing as testified by said witness. The testimony fails to show that the maturity date, "October 1st, 1926," which appears in the face of the note, was ever discussed or agreed upon by the parties. It seems to have been placed there arbitrarily by appellant's president in the preparation of said note. Said added words are in accord with the subject-matter of the note and are pertinent to the text thereof. They purport to be contractual, and the mere fact that they are not preceded by the words, "I or we will," ought not to be held to destroy their obvious meaning nor to render them ineffective. Any

ambiguity arising from the broken form of expression is removed and their meaning made plain by the testimony above quoted. If, as testified by appellant's president, said words were added to the printed form at the time the note was prepared and before it was executed by appellee, they constitute a part thereof and not a mere marginal endorsement or memorandum as here contended by appellant. If, as contended by appellee and found by the jury, they were added to said note without his consent after he had signed and delivered the same, that fact does not change their character nor transform them from a contractual stipulation into a mere memorandum. Baldwin v. Haskell Nat. Bank, 104 Tex. 122, 125, 133 S. W. 864, 134 S. W. 1178. The vice of an alteration by interpolation is that the words so added purport to be a part of the instrument as originally executed. We think said words as they appear on said note purport to constitute a part of the same and not a mere marginal memorandum indorsed thereon. Whatever may be their effect when considered in connection with the prior provision for maturity of said note, we do not think that they can be properly held to be wholly without effect as contradicting or modifying such provision. Mertz v. Fleming, 185 Wis. 58, 200 N. W. 655, 656, par. 2. The trial court construed them to constitute a material alteration of such preceding provision, and we are not prepared to say that he erred in doing so. All said propositions are overruled.

[3, 4] Appellant by its second proposition complains of the form of the issue by which the question of the alteration of said note was submitted to the jury. Appellant contends that said issue as submitted was duplicitous and that the jury were required thereby to determine two separate and distinct questions of fact, to wit: Whether such alteration was made, and, if so, whether the same was made without the knowledge or consent of appellee. Section 124 of article 5939 of our Revised Statutes, so far as applicable here, provides:

"Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided."

The materiality of any particular alteration is ordinarily a matter of law for the court, but it devolves upon a party seeking to avoid liability on such an instrument to allege and prove that such an alteration has been made therein without his assent. The controversy in this case merely involved the question of whether said typewritten words were added to the printed form of said note before or after it was executed by appellee. Appellee testified that they were added after he executed the same and without his consent. Appellant did not claim to have had appellee's consent to add said words to the printed form of said note after its execution. All the testimony introduced by it tended to show

that said words were added to said printed form and thus included in said note before it was signed by appellee. This was the only controverted issue. It was clearly stated in the special issue as submitted. Such issue required an affirmative finding in favor of appellee on both his contentions, not withstanding only one was controverted. The facts inquired about therein were so closely related to each other that they could be properly included in the same issue and separate submission thereof was unnecessary. We do not think that appellant was prejudiced by the form of the issue so submitted. St. L. S. F. & T. R. Co. v. Ussery (Tex. Civ. App.) 259 S. W. 275, 277, par. 1 (writ refused); Denison v. Nunn (Tex. Civ. App.) 293 S. W. 838, 840, par. 2 (writ refused); San Antonio & A. P. R. Co. v. Stuart (Tex. Civ. App.) 178 S. W. 17, 22, par. 8 (writ refused); Pullman Co. v. McGowan (Tex. Civ. App.) 210 S. W. 842, 847, par. 13 (writ refused); Texas Electric Ry. v. Jones (Tex. Civ. App.) 262 S. W. 131 (writ dismissed); Houston, E. & W. T. R. Co. v. Hough (Tex. Civ. App.) 260 S. W. 233, 242, pars. 10, 12 (writ dismissed); Evans v. McKay (Tex. Civ. App.) 212 S. W. 680, 689, par. 33 (writ dismissed); San Antonio, U. & G. Ry. Co. v. Dawson (Tex. Civ. App.) 201 S. W. 247, 251, par. 9 (writ refused); Humble Oil & Refining Co. v. Strauss (Tex. Civ. App.) 243 S. W. 528, 537, par. 9.

Appellant by its third proposition makes substantially the same complaint of the form of the issue by which the question of alteration of said mortgage was submitted to the jury. In view of the authorities just cited, said proposition is overruled.

Appellant by its fourth proposition, the only one remaining for consideration, complains of the action of the court in overruling its motion for new trial. Appellant contends in this connection that it made such a showing of newly discovered evidence as required the court to grant such motion. We have carefully considered the paragraph of appellant's motion presenting this issue, together with the affidavits referred to therein and made a part thereof, and have reached the conclusion that the trial court did not abuse his discretion in overruling the same.

The judgment is affirmed.

---

STANFORD, J. Not being able to agree with the majority in the disposition of this case as to the note upon which the suit is based, I hereby file the following dissenting opinion:

The statement of the case as made by the majority is accepted as correct. The finding of the jury that the words, "Pay $50.00 per month," were added to said note after its execution and delivery without the knowledge and consent of appellee, being supported by evidence is binding upon this court, and it is thought that, under the pleading of ap-

pellee, as to whether or not such alteration was a material alteration is a question of law and should be decided by this court from what appears within the four corners of said instrument. The note in full is as follows:

"$657.00.          Clifton, Tex., Aug. 1, 1926.

"On or before October 1, 1926, after date, for value received, I, we or either of us, promise to pay to the order of Clifton Mercantile Company, six hundred fifty-seven dollars, at Clifton, Texas, with 10 per cent. interest per annum from date until paid, interest payable annually as it accrues, and in the event default is made in the payment of this note at maturity and it is placed in the hands of an attorney for collection, or suit is brought on same, then an additional amount of ten dollars as liquidated damages, ten per cent. on principal and interest and court costs, shall be added as collection fees. This is one of a series of notes of like tenor and effect, except as to the amount and dates of maturity, and it is agreed that the failure to pay any one of them at maturity shall mature all the others and make them payable at once. The drawer and indorsers severally waive protest, notice of protest and notice of non payment.

"Pay $50.00 per month.    Tom Gillaspie.
"Meridian.              Chas. D. Cabler."
"Brownsville.

The question here involved is: Did the addition of the words and figures, "Pay $50.00 per month," constitute a material alteration in said note? If so, then the judgment of the trial court is correct and should be affirmed, but, if not, then the judgment of the trial court, as to the note, is wrong and should be reversed and rendered for appellant for the amount of its note. This question, it is thought, should be determined by the provisions of our Negotiable Instruments Act adopted by this state in 1919, and the construction of our appellate courts of said act and the decisions construing said acts by the appellate courts of other states which have adopted the same, or Negotiable Instruments Acts similar to ours. All of the states except about four have adopted a substantially uniform Negotiable Instruments Law, similar to our own. 8 C. J. 46; Commercial Bank v. Arden & Fraley, 177 Ky. 520, 197 S. W. 954; L. R. A. 1918B, 320. Section 125 of article 5939 of our Negotiable Instruments Law as applied to the question here involved, is as follows:

"Any alteration which changes * * * (3) the time or place of payment * * * is a material alteration."

Clearly, the clause in question does not change the place of payment. Does it change the time of payment? This is the exact question here involved. It will be observed the note is dated August 1, 1926, and recites:

"On or before October 1, 1926, after date, for value received, I, we or either of us promise to pay to the order of the Clifton Mercantile Company, six hundred fifty-seven dollars at Clifton, Texas," etc.

The above is the language of the makers of said note. Said language is contractual in its nature, and expressly and explicitly fixes the due date of said note as "on or before October 1st, 1926." The note is complete in every particular without the added clause, which is far separated from the explicit contractual language expressly fixing the due date, and has no connection, gramatically or otherwise, with said part of said note. Said clause, "Pay $50.00 per month," does not purport to be the language of the makers of said note nor to be contractual in its nature, and cannot be so construed without very materially adding to said clause, which it is thought this court has no right to do in order to make said clause contractual and thereby hold said alteration material. Appellee sought to cancel said note, alleging as a ground for such relief that appellant had made a material alteration in same, in that, it had added to the note the words and figures, "Pay $50.00 per month." There is no pleading to authorize this court to supply or add words and thereby convert said meaningless clause into a promise or apparent contractual obligation. There was no contention that any words or figures that were in said note at the time appellee signed same were erased, changed, or obliterated. This being true, the burden was upon appellee to allege and prove such material alteration. McKenzie et al. v. Barrett, 43 Tex. Civ. App. 451, 98 S. W. 229. Appellee did allege that said note was materially altered by appellant by its adding to said note the cause, "Pay $50.00 per month." Appellee should be required to stand upon the alteration alleged. As I view the case, this court, in passing upon the question here involved, is not at liberty to supply or add to the clause alleged to constitute the material alteration, but must consider the effect, if any, on the note of the addition of the very words added, and only the words added, and when thus considered, said clause clearly is not contractual, and if not contractual, then same in no way affected the liability of appellees, and was therefore immaterial. I have been unable to find any case involving the exact question here, but the following cases, it is thought, have a material bearing upon the question involved: Reed v. Watson (Tex. Civ. App.) 262 S. W. 178; Clem v. Chapman (Tex. Civ. App.) 262 S. W. 168; Mertz v. Fleming et al., 185 Wis. 58, 200 N. W. 655; Washington County State Bank v. Central Bank (Tex. Civ. App.) 168 S. W. 456; note to Burgess v. Blake, 86 Am. State Rep. 78; 2 C. J. p. 1211.

It is thought the judgment canceling the note should be reversed and judgment rendered for appellant for the amount of said note.