**ELLIS et al. v. UNITED STATES FIDELITY & GUARANTY CO. (No. 1694.)**

Court of Civil Appeals of Texas. Beaumont. April 23, 1928.

1. Master and servant ⚙══418(5)—Plaintiff, seeking compensation under special provision for awards for hernia, could not assign as error refusal to make award under general provisions of act (Workmen's Compensation Act [Rev. St. 1925, arts. 8306–8309, and art. 8306, § 12b]).

Where suit was instituted for compensation under Workmen's Compensation Act, Rev. St. 1925, art. 8306, § 12b, for injury resulting in hernia, assignment of error that appellant was entitled to compensation under general provisions of act (articles 8306–8309) must be overruled, since plaintiff may not try case on one theory and then present it to appellate court upon another and different theory.

2. Master and servant ⚙══417(5)—Where petition sought compensation for hernia, compensation for incapacity under general provisions of act was not justified because prayer asked therefor; prayer being no part of petition (Workmen's Compensation Act [Rev. St. 1925, arts. 8306–8309, and art. 8306, § 12b]).

Where plaintiff alleged in petition that injury arose under Workmen's Compensation Act, Rev. St. 1925, art. 8306, § 12b, providing for compensation for hernia, he could not recover under the general provisions of the act (articles 8306–8309) on the theory that he brought himself within such provisions because the prayer asked for compensation for total incapacity thereunder; the prayer being no part of petition.

3. Master and servant ⚙══417(5)—To secure compensation for hernia under general provisions, employee must plead and prove facts under provisions of article entitling him to same (Rev. St. 1925, arts. 8306–8309, and art. 8306, § 12b).

Rev. St. 1925, art. 8306, § 12b, provided for compensation for hernia under valid circumstances, and, in order for employee who has suffered injury resulting in hernia to be entitled to compensation under general provisions of act (articles 8306–8309), he must plead and prove facts under provisions of said article entitling him to same.

4. Master and servant ⚙══348—Rule entitling employee to liberal construction of act held not to make hernia compensable under general provision of act (Workmen's Compensation Law [Rev. St. 1925, arts. 8306–8309, and art. 8306, § 12b]).

Rule that employee, injured in discharge of his master's business, coming within provision of Workmen's Compensation Law (Rev. St. 1925, arts. 8306–8309), should have provisions of law liberally construed in his favor, held not applicable to hernia specifically provided for by article 8306, § 12b, so as to entitle employee to compensation for hernia under general provisions of act.

5. Master and servant ⚙══417(5)—Findings of jury that injury did not cause hernia and that it did not exist prior to injury held not inconsistent (Workmen's Compensation Act).

In action under Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309), where jury found plaintiff's injury did not result in hernia in answer to one issue, and in answer to another found that hernia did not exist prior to date of injury, *held* that findings were not inconsistent.

6. New trial ⚙══88—New trial because of absence of doctors held properly refused, where continuance was not asked nor doctors summoned nor depositions taken (Workmen's Compensation Act).

In action under Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309), motion for new trial because of absence of doctors at trial, where there was no motion for continuance because of their absence, and they had not been summoned to attend court, nor had their been any attempt to take their depositions, *held* properly refused.

Appeal from District Court, Orange County; V. H. Stark, Judge.

Suit by T. E. Ellis and others against the United States Fidelity & Guaranty Company to set aside an order of the Industrial Board denying the plaintiff Ellis compensation and seeking a judgment for compensation. Judgment for defendant, and plaintiffs appeal. Affirmed.

R. Lee Davis, of Orange, for appellants.

Hunt, Teagle & Moseley, of Houston, and Adams & Bruce, of Orange, for appellee.

O'QUINN, J. Appellants brought this suit against appellee to set aside an order of the Industrial Accident Board denying appellant Ellis compensation and seeking judgment for compensation for an alleged hernia resulting from an injury received in the course of his employment as an employee of the Orange Car & Steel Company. His prayer was for compensation at the rate of $9 per week as for total and permanent incapacity for 401 weeks, to be paid in a lump sum.

Appellee answered by general and special exceptions, general denial, and a special plea of res adjudicata, alleging that the injury for which appellant Ellis sought compensation occurred June 25, 1925, while engaged in labor for the Orange Car & Steel Company; that appellant Ellis filed his claim for compensation because of said injury before the State Industrial Accident Board September, 1925, and was by said board denied compensation; that no appeal from said order was taken by appellant; that thereafter, July 14, 1926, appellant filed his petition before said board, asking that his case or claim for compensation be reopened, and thereupon said matter was again heard by said board, and on September 16, 1926, entered its order refus-

ing to reopen or to set aside its former order denying compensation; that the instant suit is an appeal from this last order of said board; and that said order of said board of date September 16, 1926, is res adjudicata of the right of appellant to compensation, and cannot be reviewed as attempted by appellant.

The court overruled appellee's exceptions and plea of res adjudicata, and the case was tried to a jury upon special issues, in answer to which they found that appellant Ellis was injured June 25, 1925, in the course of his employment, but that said injury did not result in hernia. They further found that appellant's average weekly wage was $14.42; that he was totally incapacitated for work for a period of 120 weeks; that he was not partially incapacitated for work; that the hernia did not exist in any degree prior to June 25, 1925, the date of the alleged injury, and that there had been a change in appellant Ellis' physical condition since the board's first award or order made November 27, 1925.

On the verdict of the jury finding that appellant Ellis did not sustain a hernia in the course of his employment, judgment was entered in favor of appellee and against appellants. This appeal is from that judgment.

Appellants' first assignment of error is:

"The plaintiffs having alleged in their petition that the plaintiff T. E. Ellis sustained personal injuries, in the course of his employment, which totally and permanently incapacitated him for doing and performing any class of ordinary manual labor, and having made proof thereof, by the clear and overwhelming preponderance of the evidence, judgment should have been rendered in their favor, against the defendant, for compensation at the rate of $8.65 per week, for the period of 401 weeks from the date he received such injuries."

[1-3] This assignment is overruled. That appellant was entitled to compensation under the general provisions of the Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309) because of total permanent incapacity to labor, resulting from an injury received while in the course of his employment, was not the theory upon which the case was pleaded by appellant and tried by the court. The suit was instituted by appellant for compensation under the Workmen's Compensation Act because of an injury received in the course of his employment, resulting in hernia. Appellant's pleading followed the statute (article 8306, § 12b, Revised Civil Statutes 1925), providing for compensation because of an injury resulting in hernia. The record discloses that his claim was presented to the Industrial Accident Board on that theory, and was denied. The record further discloses that appellant's claim was some years afterwards again presented to the board, with new evidence as to his injury and its resulting in hernia, and was again denied by the board. This suit was instituted to set aside that or-

der. The trial in the court below was on the hernia theory of injury, and the jury found that the injury suffered by appellant did not result in hernia, and it was upon this finding that the judgment against appellant was entered. Subdivision 1 of section 12b of article 8306, provides that in all claims for hernia resulting from an injury sustained in the course of employment it must be definitely proven to the satisfaction of the board that there was an injury resulting in hernia. This was not done, and the board ruled against appellant's claim. The proof was likewise wanting before the jury, and they found against appellant. Appellant cannot try the case on one theory and then present it to an appellate court upon another and different theory. Boatner v. Providence-Washington Ins. Co. (Tex. Com. App.) 241 S. W. 136, 140. It is true appellant prayed for compensation as for total incapacity under the general provisions of the law, but his prayer was no part of his petition alleging injury showing him entitled to compensation. Furthermore, hernia is a specific injury under the statute (article 8306, § 12b), with elaborate provisions for its compensation under varied circumstances. In order for an employee who has suffered an injury resulting in hernia to be entitled to compensation under the general provisions of the law, he must plead and prove the facts under the provisions of said article entitling him to same. Plaintiff presented no such pleading or proof, but to the contrary it plainly appears that such conditions did not exist.

[4] Appellant's second proposition, to the effect that, where injuries sustained by an employee in the discharge of his master's business come within the provisions of the Workmen's Compensation Law and are compensable, the provisions of the law should be liberally construed in his favor by the courts in order to effectuate the relief intended by the law, is a correct abstract statement of the rule, but does not warrant an interpretation contrary to the face of the statute. Appellant's contention under this assignment is that he is entitled to compensation under the general provisions of the Compensation Act, but, as we have said, hernia is a specific injury, with provision for its compensation, and, in order for an injured employee to avail himself of this statute, he must, by his pleading and proof, bring his injury within the provisions of article 8306, § 12b. This was not done by appellant.

[5] Appellant insists that the judgment should be reversed because of inconsistent and contradictory findings of the jury. In answer to special issue No. 3, the jury found that appellant's injury did not result in hernia, and in answer to special issue No. 12 they found that appellant was afflicted with hernia, but that the hernia did not exist in any degree prior to June 25, 1925, the date of the injury. It is contended that these find-

ings are so conflicting upon material issues that they destroy each other. We do not believe said findings are conflicting. Appellant alleged that he was injured June 25, 1925, and that said injury resulted in hernia. The jury found that the injury did not result in hernia. Special issue No. 12 submitted was:

"If you find that plaintiff has a hernia, did or did not the same exist in any degree prior to June 25, 1925?"

To this they answered: "It did not." This was not a finding that hernia resulted from the injury or at any time soon after the injury; it simply meant that at that time he had a hernia, and that same did not exist in any degree prior to the date of his injury, and is not inconsistent with or contradictory of their finding that the hernia did not result from the injury.

[6] Appellant says that his motion for a new trial should have been granted because of the absence of Drs. J. H. Dameron and L. O. Thompson. There was no motion for a continuance because of the absence of these doctors. They had not been summoned to attend court, nor had there been any attempt to take their depositions. Appellant says that Dr. Dameron had promised to be present, but was unavoidably called away to attend a sick patient in another town in another county. There was no request for a postponement of the trial or to keep same open for any time to get this testimony. As for Dr. Thompson, appellant says he had left Orange county and the state of Texas, and that his whereabouts were not known to appellant until after the trial, though he had made diligent efforts to locate him. No error is shown.

Other questions are presented, but we do not deem it necessary to discuss them, nor do we find it necessary to pass upon appellee's plea of res adjudicata. The judgment should be affirmed, and it is so ordered.

Affirmed.