**FIDELITY UNION CASUALTY CO. v. CARY et al. (No. 765.)**

Court of Civil Appeals .of Texas. Waco.
Jan. 24, 1929.

Rehearing Denied Feb. 21, 1929.

Collins & Houston, of Dallas, for appellant.

J. E. Bradley, of Groesbeck, and C. H. Machen, of Mexia, for appellees.

BARCUS, J. Appellee was an employee of Fred Hall, who carried compensation insurance with appellant under the Workmen's Compensation Act. Appellee alleged that he was injured while in said employment. He filed his claim for compensation with the Industrial Accident Board, which made an award allowing him $10.38 per week for a period not to exceed 401 weeks. From the judgment of the Industrial Accident Board appellant appealed to the district court, where the cause was tried to a jury and resulted in a judgment being rendered for appellee for a lump sum of $3,448.14.

Appellant, by its first proposition, contends that the trial court committed error in submitting special issue No. 2, in the following language: "Did defendant Mose Cary suffer total permanent disability as a result of the accident in question which was sustained on March 23rd, 1927?" To which the jury answered: "Yes." Appellant's objection to said issue was: "Because same is duplicitous, in that it inquires about two matters, viz.: Whether the disability is total; and, second, whether it is permanent, and, being so framed, cannot be intelligently answered 'Yes' or 'No' "—appellant's contention being that the court should have submitted two issues: First, whether appellee had suffered total disability; and, second, whether he had suffered permanent disability. The trial court instructed the jury that if they answered issue No. 2 in the negative, they should answer special issues Nos. 6, 7, 8, and 9, which asked, in substance, whether appellee suffered total disability for any length of time, and, if so, for what length of time, and whether appellee had suffered a partial disability after the expiration of the period of total disability, and, if so, to give the length of time the partial disability continued. The jury, having answered special issue No. 2 in the affirmative, under the instructions of the court, did not answer issues Nos. 6, 7, 8, and 9. The evidence in the record shows without dispute that appellee received an injury while in his employment, which resulted in total disability for at least a few weeks, during which time he was confined to his bed in a hospital. The Workmen's Compensation Act, § 15, art. 8306, provides that, where the injury results in total permanent incapacity, the injured party may, under certain conditions, recover a lump sum settlement. The issue as submitted by the court was for the purpose of determining whether appellee was entitled under said statute to a lump sum settlement. It was necessary for the issue as a whole to be determined affirmatively in favor

of appellee to entitle him to a lump sum settlement. The question here involved, so far as we have been able to ascertain, has not been directly determined by our courts. We recognize the rule that each separate state of facts authorizing a recovery as pleaded by plaintiff, or which would defeat a recovery as pleaded by defendant, must be submitted by separate and distinct issues. Where, however, a combined state of facts must exist as a whole in order to entitle the plaintiff to a recovery, we do not understand that the separate issues going to make up the combined issue of facts are required to be submitted in separate and distinct issues. The question as asked is not in the disjunctive, but in the conjunctive, and, before the jury were authorized to answer said issue in the affirmative, it was necessary for them to find that the injury was both total and permanent. As submitted, we do not think the issue was duplicitous. Texas Electric Railway v. Jones (Tex. Civ. App.) 262 S. W. 131, and authorities there cited. The court specifically instructed the jury that if they should answer issue No. 2 in the negative, then they should answer the issues with reference to total temporary disability and total partial disability, so that the jury could not possibly have been misled.

By its second and third propositions, appellant contends that there was no evidence authorizing the submission of the issue to the jury with reference to the daily wage of appellee, and that the answer of the jury that appellee's weekly wage was $18 per week is against the weight of the testimony. Mr. Hall, the employer, testified that appellee started in with him at $15 a week and was getting $20; that in boom times the employees made more money, because they worked them seven days a week and worked them overtime; that at other times they worked six days. Appellee testified that at the time of the injury he was making $18 per week and had been making that salary for over a year, working for Mr. Hall. There was no direct proof of what appellee made per day. The jury, in answer to the issues submitted, found that appellee was making $3 per day and was making $18 per week. Section 10 of article 8306, Revised Statutes, provides that the injured employee shall recover 60 per cent. of his weekly wages during the time the injury amounts to total incapacity. Section 5 of article 8309 provides a method for determining the weekly wage where the employee has worked by the year or by the day, but it does not in any way refer to how it shall be determined if the employee is working by the week. The record in this case shows without dispute that the employee was and had been working by the week for more than a year immediately preceding the injury. The jury having found that the weekly wage was $18 and the daily wage $3, appellant was not in any way injured by the court having submitted the issue as to daily wage. The evidence abundantly supports the finding of the jury that the employee was and had been for more than a year previous to the injury receiving a weekly wage of $18.

By its fourth proposition appellant complains of the argument of counsel during the progress of the trial. It contends that counsel told the jury in the course of their argument how to answer the issues, and, if so answered, the effect it would have on the judgment. It further complains of the statement of counsel to the jury that the Industrial Accident Board had made an award, from which appellant had appealed; and complained of other portions of the argument not necessary to copy. The trial court in its charge instructed the jury that, if they answered certain questions in the affirmative, they need not answer the others. The statement of counsel to the jury that, if they answered certain issues in the affirmative, they could sign the verdict and return same into court without answering the others, was nothing more than was contained in the court's charge, and did not and could not have conveyed to the jury any information other than that which any fairly intelligent juror knew without comment from the attorneys. Appellant specifically pleaded that the Industrial Accident Board had made an award of $10.38 per week for a period not to exceed 401 weeks, and said pleading had been read to and was before the jury, and appellant's counsel was clearly within the record when he discussed said pleadings. We have carefully examined all of the argument of which complaint is made, and cannot say that the trial court abused its discretion in overruling appellant's motion for a new trial by reason thereof. Brazelton v. St. L. S. W Ry. Co. of Texas (Tex. Com. App.) 296 S. W. 290; Insurance Co. of Pennsylvania v. Couch (Tex. Civ. App.) 290 S. W. 274.

By its fifth proposition appellant contends that the judgment of the trial court is excessive to the amount of $97.27, by reason of the fact that the lump sum settlement was arrived at by the trial court's allowing only 5 per cent. discount, when it should have allowed a 6 per cent. discount. Texas Employers' Ins. Ass'n v. Herzing (Tex. Civ. App.) 9 S.W.(2d) 457. Appellees have filed a remittitur of said amount and asked that we reduce the judgment of the trial court to said extent, thereby curing said error. We grant said request.

The judgment of the trial court is reformed, allowing appellees a recovery of $3,350.87 instead of $3,448.14, with 6 per cent. interest on said $3,350.87 from date of judgment in the trial court, to wit, June 22, 1928. The remaining assignments and propositions of appellant are overruled. The judgment of the trial court as reformed is affirmed.