## UNITED STATES FIDELITY & GUARANTY CO. v. MORGAN. (No. 1797.)

Court of Civil Appeals of Texas. Beaumont.
May 31, 1929.

Rehearing Denied June 12, 1929.

Hunt, Moseley & Hunt and H. G. Butts, all of Houston, for appellant.

J. J. Collins, of Lufkin, for appellee.

O'QUINN, J.  Appellee brought this suit in the district court of Angelina county to set aside an award of the Industrial Accident Board, denying her compensation which she claimed by reason of the death of her father, C. E. Kimmey, as an employee of Jordan Gin Company, which carried compensation insurance with appellant.  Her petition contained the usual and necessary allegations in a suit of this nature.  Appellant answered by general demurrer, several special exceptions, general denial, and specially that the death of appellee's father did not result from an injury received by him in the course of his employment, but was due to natural causes. The case was tried to a jury upon special issues, upon their answers to which judgment was rendered in favor of appellee against appellant.  Motion for a new trial was overruled, and appellant brings this appeal.

Appellant's first four propositions are presented grouped.  They are to the effect that the court erred in rendering judgment for appellee because there was neither pleading nor proof of deceased's weekly wages, nor was there any finding by the jury of deceased's weekly wages, nor any evidence to support a finding by the court of the weekly wages. This contention is overruled.  Appellee's petition alleged that deceased was working for $2.50 per day, and that he worked six days

per week. The evidence is undisputed that he was working for $2.50 per day and that he worked six days per week. Appellant bases its contention on subsections 1, 2 and 5, § 1, art. 8309, R. S. 1925, and decisions construing same. Subsection 1 relates to the method by which the average weekly wages of the injured employee may be found, where the employee had worked in the employment in which he was engaged at the time of his injury for substantially the whole of the year immediately preceding the injury, and subsection 2 as to how the average weekly wages may be determined when the employee had not worked at such employment for substantially the whole of the year immediately prior to the injury, and subsection 5 simply provides that the average weekly wages of an injured employee shall be one fifty-second part of the average annual wages.

Appellant takes no note of subsection 3 of said article, which provides that "When by reason of the shortness of the time of the employment of the employee, or other employee engaged in the same class of work in the manner and for the length of time specified in the above subsections 1 and 2, or other good and sufficient reasons it is impracticable to compute the average weekly wages as above defined, it shall be computed by the board in any manner which may seem just and fair to both parties."

■ Under the facts in the instant case, deceased's weekly wages could not be computed in the manner provided by either subsection 1 or 2. Deceased had not worked in the employment in which he was working at the time of his injury for substantially the whole of the year immediately preceding his injury, nor had any other employee of the same class worked in the same or a similar employment in the same or a neighboring place for substantially the whole of the preceding year before the injury. The nature of the work being done was such that no employee could work at same but for a short period of time. The Jordan Gin Company was having a wooden gin house erected, and the time necessary for its building could not exceed for a year, but only to a short period of time. The employment was, therefore, temporary. That being true, then the average weekly wages of deceased would have to be found in the manner provided by subsection 3 of article 8309, mentioned supra.

There was no issue submitted to the jury relative to the average weekly wages of deceased per day or per week. No such issue was requested to be submitted by either party. There were no objections by either party to the charge of the court because of said issue not being submitted. As above stated, the facts shown are such that deceased's average weekly wages could not be ascertained by either of the modes prescribed in subsections 1 or 2 of article 8309, and therefore should be found in the manner prescribed in subsection 3, supra. Deceased's daily wage is definite—without dispute—$2.50 per day for six days per week, or $15 per week. The court, under the pleadings and the evidence, would have been authorized under this subsection to have submitted to the jury the issue as to what was the average weekly wage being earned by deceased at the time of his injury. Texas Employers' Insurance Ass'n v. Manning (Tex. Civ. App.) 299 S. W. 534 (writ dismissed); Texas Employers' Insurance Ass'n v. Bateman (Tex. Civ. App.) 252 S. W. 339; Lumbermen's Reciprocal Ass'n v. Warner (Tex. Civ. App.) 234 S. W. 545, affirmed (Tex. Com. App.) 245 S. W. 664; Texas, Employers' Insurance Ass'n v. Russell, 16 S.W.(3d) 321 (recently decided by this court).

In the Manning Case, supra, the injured employe had worked for less than two months at the time he received his injury. He was working for $4.50 per day. There was no proof of what other employes in the same class of work in the community had received immediately prior thereto for a period of one year. It was held that under the provisions of subsection 3 of article 8309 the trial court was authorized to submit to the jury and the jury was warranted, under the facts, in finding that the weekly wage was six times the daily wage. Application for a writ of error was dismissed. The facts are very similar to the instant case.

In the Bateman Case, supra, the injured employee had not worked for substantially the whole of the year immediately preceding his injury, and there was no proof of what any other employee who had worked substantially the whole of the preceding year in the same kind of work had received as average weekly wages. The injured employee received 35 cents an hour and worked 13 hours per day. In answer to a special issue the jury found that the average weekly wage was $25. It was held that the issue was proper under subsection 3, article 8309, and the finding was sustained.

In the Warner Case, supra, the injured employee had worked for only about 10 days when he was killed. He was getting $2.50 per day. In answer to a special issue the jury found that an average daily wage was $2.50 per day, and from this his weekly wage was computed. It was held that, under subsection 3 of article 8309, this was proper. A writ of error was granted and the judgment affirmed. (Tex Com. App.) 245 S. W. 664.

. In the Russell Case, supra, the injured employee had been working only about 3 or 4 weeks when his injury occurred. He was working at a temporary job. He was receiving $2.70 per day, and worked 9 hours per day. It was held that the state of the evidence showed that his average weekly wages could not have been found by either of the modes provided in subsections 1 or 2 of arti-

cle 8309, and therefore should be found in the manner prescribed by subsection 3 of said article.

Article 2190 (1985), R. S. 1925, provides that, when a case is submitted on special issues, the court shall submit all the issues made by the pleadings. However, it was recognized that this might not be done in all cases, and the statute specifically provides that failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission has been requested in writing by the party complaining of the judgment. The statute further specifically provides that, upon appeal or writ of error, an issue not submitted and not requested to be submitted is deemed as found by the court in such manner as to support the judgment, if there is evidence to sustain such finding. In the instant case the question of the average weekly wage of the injured employee was not submitted to the jury, nor was there any request for its submission, although said issue was raised, both by the pleadings and the evidence. It was not disputed that he received $2.50 per day and that he worked 6 days per week. Under the above-mentioned statute it must be held that the court found the average weekly wage of the injured employee in such manner as to support the judgment rendered by the court. If, upon the very similar state of facts in the above-cited cases, the issue of daily or weekly wage was a proper one to be submitted to the jury, as was done, and the jury's finding thereon was proper, and a sufficient basis upon which to found a judgment, then in the instant case, the issue as to weekly wages not having been submitted to the jury, and not having been requested to be submitted, the court was authorized to find, and it must be held that he did find, the average weekly wages of deceased in such manner as to support the judgment rendered.

Appellant's propositions 5 to 11 are presented grouped. In effect, they urge that the judgment is erroneous because appellee failed to file her claim for compensation with the Industrial Accident Board within 6 months after the death of the injured employee, her father, C. E. Kimmey, and also that she failed to plead and prove that she had good cause for not so filing her said claim, wherefore the court was without jurisdiction to hear and determine the controversy, and judgment should have been for appellant.

The Jordan Gin Company was having a cotton gin erected at Huntington, Tex., and deceased was an employee doing carpenter work for said company in the erection of said gin. On March 20, 1926, while engaged in his work, he was injured by being struck across his back by falling timber from a collapsed scaffold. It is not disputed that he was thus injured. He suffered severely from the injury, and remained away from his work a week or two, and then returned to work, but constantly complained of his back hurting him. He died February 27, 1927. Appellee's claim for compensation was filed with the Industrial Accident Board on August 30, 1927. It thus appears that the claim was not filed with the Industrial Accident Board within 6 months after the death of deceased. Section 4a of article 8307, R. S. 1925, provides:

"Unless the association or subscriber have notice of the injury, no proceeding for compensation for injury under this law shall be maintained unless a notice of the injury shall have been given to the association or subscriber within thirty days after the happening thereof, and unless a claim for compensation with respect to such injury shall have been made within six months after the occurrence of same; or, in case of death of the employee or in the event of his physical or mental incapacity, within six months after death or the removal of such physical or mental incapacity. For good cause the Board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing the claim before the board."

It is appellant's contention that appellee neither pleaded nor proved good cause for not filing her claim for compensation within 6 months after the death of her father. There was no such plea in appellee's amended petition upon which the case was tried, but during the trial, by leave of court, appellee filed the following trial amendment (omitting formal portions):

"Now comes the plaintiff herein and, with leave of the court first had and obtained, files this her trial amendment for the purpose of amending and adding to paragraph No. 6 of the plaintiff's first amended original petition the following allegations:

"6a. And further pleading herein the plaintiff alleges that, if it should be determined that she did not file her claim for compensation before the board within six months after the death of her father, C. E. Kimmey, then she alleges that good cause existed for not so filing it, and, this being a meritorious case, the court should nevertheless consider this action; that good cause existed for the failure of deceased to file or assert a claim for compensation; that said claim was filed by plaintiff immediately after the defendant denied liability and claim was asserted against the defendant in writing within three months after the death of deceased.

"Wherefore plaintiff prays that this trial amendment be allowed and considered as a part of plaintiff's first original amended petition."

Appellant insists that this pleading was not sufficient to admit proof of good cause for not filing the claim within 6 months after the death of her father. We think the pleading

813

sufficient. Appellee's counsel, Hon. J. J. Collins, testified that in March, 1927, shortly after the death of appellee's father, she placed her claim for compensation with him, and that he immediately wrote the insurance company, appellant, and presented her claim for payment. He testified to and produced numerous letters that passed between the parties looking to a settlement of the claim, and that he expected from the communications between them that the claim would be settled without having to take legal steps. He testified, and it was shown by the letters, that this negotiation between the parties continued up to about August 28, 1927, when appellant declined liability, and the claim was then filed with the Industrial Accident Board on August 30, 1927. He further testified that, if he had not expected that the matter would be adjusted without legal action, he would have filed the claim before the expiration of the 6 months after the death of the injured employé, C. E. Kimmey. Appellant insists that the evidence is not sufficient to show good cause and excuse failure to file the claim within the statutory period. From a careful consideration of the letters in evidence and the testimony of counsel as to why the delay, we think good cause is shown and hence overrule appellant's contention. In answer to a special issue the jury found that good cause did exist. The record supports this finding.

Appellant's twelfth, thirteenth, and fourteenth propositions are presented grouped. They assert that special issue No. 1 as submitted by the court was error. Special issue No. 1 reads: "Did the deceased, C. E. Kimmey, sustain an injury to his back, in the region of his kidneys, arising out of and in the course of his employment with the Jordan Gin Company at Huntington, Texas, on or about March 20, 1926?"

The objections to this issue are:

(a) That it assumed, if deceased received an injury, it was to his back in the region of his kidneys, when the location of the injury was sharply contested; appellant contending that it was to the shoulder blade, which, if true, it says could not have caused the complaint from which he died;

(b) That the issue was duplicitous, in that the jury was called upon to answer two questions, one, Did he receive an injury to his back in the region of his kidneys? and the other was, Was said injury received in the course of his employment? and

(c) That said issue is on the weight of the evidence.

We think the assignments should be overruled. The great weight of the testimony was that deceased did receive an injury to his back in the region of his kidneys, and while there was some testimony that the in-

jury was to the back of his shoulder, over the shoulder blade, there was no issue submitted or requested to be submitted relative to any such injury. The issue did not assume the location of the injury. The jury found that the injury was the proximate cause of deceased's death, and in answer to special issues requested by appellant the jury also found that deceased's death was not caused by disease which existed prior to his receiving the injury; that the death of deceased was not caused by disease independent of the injury received by him; and that the death of deceased was not the result of natural causes. The objection that the issue was duplicitous has some basis, but we do not believe that it was reversible error. That deceased was injured in the course of his employment is not questioned; it so appears without dispute. It was not necessary to submit that inquiry to the jury. However, the inclusion of that in the issue could not have injured appellant. It could not have misled the jury in arriving at their answer to the first part of the inquiry. If error is shown, it is harmless. The objection that the issue was on the weight of the evidence is without merit.

No reversible error appearing, the judgment should be affirmed; and it is so ordered.

Affirmed.