## HERZING v. TEXAS EMPLOYERS' INS. ASS'N. (No. 1271—5311.)

Commission of Appeals of Texas, Section A. June 5, 1929.

Jones & Lyles, of Del Rio, for plaintiff in error.

Eskridge & Williams, of San Antonio, for defendant in error.

NICKELS, J. A judgment in favor of Miss Herzing for "compensation" as for total permanent disability and in a "lump sum" (under the Workmen's Compensation Law) was reformed in a particular and affirmed by the Court of Civil Appeals. 9 S.W.(2d) 457. Writ of error was allowed each party on application presenting questions to be noticed.

■ 1. In the statute (article 8306, Rev. St. 1925, §§ 15 and 15a) it is provided.

"In special cases where * * * manifest hardship and injustice would otherwise result," the insurer may be compelled to "redeem * * * liability by payment of a lump sum as may be determined." Section 15.

"In any case where compensation is payable weekly at a definite sum and for a definite period, and it appears * * * that the amount of compensation being paid is inadequate to meet the necessities of the employé or beneficiary" the "amount of compensation" may be increased by "correspondingly decreasing the number of weeks for which the same is to be paid" in which case there shall be allowed "discount for present payment at legal rate of interest," i. e., six per centum per annum. Section 15a.

In respect to "lump sum" judgments in "special cases" made in authority of section 15, "the statute contemplated that the court fix the present value of the weekly installments prescribed." Lumberman's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 115, 246 S. W. 72, 76 (28 A. L. R. 1402), same case in Court of Civil Appeals, 226 S. W. 154.

A neccessary result is that there are cases for "lump sum" adjustments not governable by section 15a. Apparently, the latter section (with its reference to "legal rate of interest") has relation only to cases of continued "weekly payments" of increased amount but of decreased number.

In cases governed entirely by section 15, "present value" of "weekly payments" is to be fixed on evidence; and there is lacking inexorable requirement that the "legal rate of interest" be applied in measure of "discount." Ibid.; Consolidated Underwriters v. Saxon (Tex. Civ. App.) 250 S. W. 447; Id. (Tex. Com. App.) 265 S. W. 143.

The Court of Civil Appeals in reforming the judgment and as basis for that action held to the contrary; and that ruling (with consequent action) is the matter of Miss Herzing's assignment, which is sustained.

■ 2. Industrial incapacity (at least incapacity for such work at Miss Herzing had been doing) is established by the verdict. And there is evidence tending to show: Poverty; lack of relationships wherein others are bound for her aid or support; necessity for help in ordinary personal affairs, such, e. g., as bathing or dressing; necessities. (with prospects of continuance thereof) requiring expenditures consuming all or a large part of "weekly payments" so as that nothing would be left at end of 401 weeks; possibilities of present (or immediately future) handling of the "lump sum," or a substantial part thereof, so as to produce revenue or by way of investments resulting in enhanced assets.

We do not propose definition of a "special case." But we do hold that the evidence supporting the findings of industrial incapacity (total and permanent) with the other evidence

just summarized is some evidence of a "special case." Cf. Lumbermen's Reciprocal Ass'n v. Behnken, supra; Consolidated Underwriters v. Saxon, supra; Travelers' Ins. Co. v. Smith (Tex. Civ. App.) 266 S. W. 574–578; Georgia Casualty Co. v. Little (Tex. Civ. App.) 281 S. W. 1095. The insurer's assignment (to the contrary) must be overruled.

3. Accordingly, we recommend: (a) That the judgment of the Court of Civil Appeals, to the extent that it reformed the judgment of the district court so as to reduce the amount awarded to the sum of $2,500.29, be reversed; (b) that such judgment otherwise (and with the judgment of the district court) be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed.