**TEXAS INDEMNITY INS. CO. v.
HOLLOWAY et al.***

No. 12319.

Court of Civil Appeals of Texas. Fort Worth.
May 17, 1930.

Rehearing Denied June 21, 1930.

*Writ of error granted.

Goree, Odell & Allen and L. L. Gambill, all of Fort Worth, for appellant.

Clark & Clark, of Fort Worth, for appellees.

DUNKLIN, J.

W. E. Holloway was an employee of the Magnolia Petroleum Company while that company was a subscriber, under the Workmen's Compensation Law, and carried an indemnity policy with the Texas Indemnity Insurance Company covering injuries received by the employees of the subscriber. A claim was filed with the Industrial Accident Board by Holloway for an injury alleged to have been sustained by him while performing the duties of his employment. An award was made by the board in favor of Holloway. The insurance company then brought suit in the district court of Tarrant county, Tex., to set aside the award so made by the Industrial Accident Board. In that suit Holloway and his attorneys were made parties defendants, and a trial of the case resulted in a judgment in favor of defendants, from which the insurance company has prosecuted this appeal.

While the insurance company was nominally plaintiff, Holloway was the real plaintiff in interest; his attorneys being parties only by reason of the fact that under the Workmen's Compensation Law they would be entitled to a part of the recovery by Holloway as an attorney fee for representing him. For convenience, Holloway will be hereinafter referred to as the defendant to the exclusion of the names of his attorneys.

In his pleadings, the defendant alleged that on or about December 12, 1926, during the course of his employment by the Magnolia Petroleum Company, he was engaged in driving a truck, and that while in the act of cranking the machine he sustained a rupture or hernia as the result of a strain in performing that act. It was further alleged that he suffered pain at the time of the rupture and on account thereof he was confined to his bed until about March 19, 1927, when an operation was performed on him for the hernia; that on June 28, 1927, he returned to work as a night watchman and worked in that capacity until August 19, 1927, when the condition of the hernia became such that he was unable to do any further work; and that prior to his said injury he had not suffered with the rupture or hernia in any degree. It

was further alleged that he was totally and permanently incapacitated by reason of the injury; that at the time of his injury his average weekly wage was $32.92, and that he was therefore entitled to compensation at the rate of $20 a week for 401 weeks; that by reason of his financial condition and the condition of his health he was entitled to recover compensation in a lump sum, computed on that basis. Defendant further alleged that he had complied with the requirements of the law in giving notice of his injury and the filing of his claim for compensation. In the alternative, he further alleged that if he had not complied with those provisions of the law he had good reason for not having done so, in that immediately upon sustaining the injury he notified his employer thereof, and requested it to make out and file notice of the injury and his claim for compensation; that the employer promised so to do and defendant believed and relied upon that promise.

Defendant further alleged that plaintiff had knowledge of the promise so made by the Magnolia Petroleum Company; that the plaintiff was merely the tool of that company and that notice of his injury and claim for compensation to his employer was in legal effect binding upon the plaintiff; that plaintiff and said company had conspired with each other to bring about the failure of defendant to give notice to the plaintiff in order that such failure might bring about a defeat of the defendant's claim for compensation.

There was a further prayer for recovery of $317, which the defendant alleged he had paid out for medical and hospital bills.

The insurance company filed a general denial to Holloway's pleadings, and specially denied that he had sustained the alleged injury in the course of his employment, and specially denied that he had given any notice of the alleged injury to plaintiff or to the Magnolia Petroleum Company, or filed any claim thereon with the Industrial Accident Board; that by reason of such failure to file notice of the injury and claim for compensation, he had waived his right of compensation. The insurance company further alleged that the Magnolia Petroleum Company had paid the defendant his full salary for a portion of the time for which compensation was sought, and that the amount so paid should be allowed as a credit upon any claim for compensation against the insurance company.

The following are special issues submitted to the jury with findings thereon:

"1. Did W. E. Holloway receive injuries while in the employ of Magnolia Petroleum Company on or about December 12, 1926, which resulted in hernia? Answer: Yes.

"2. If you have answered question one in the negative, you need not answer any of

the following questions, but if you have answered same in the affirmative, then you will answer: Did the hernia, if you have found there was one, appear suddenly and immediately following the injuries? Answer: Yes.

"3. If you have answered question Two in the negative, you need not answer this question, but if you have answered same in the affirmative, then you will answer: Did said hernia exist in any degree prior to the injury received by W. E. Holloway on or about December 12, 1926? Answer: No.

"4. If you have answered question Three in the affirmative, you need not answer any of the following questions, but if you have answered same in the negative, then you will answer: Was the injury, if any, which W. E. Holloway received on or about December 12, 1926, accompanied by pain? Answer: Yes.

"5. Was W. E. Holloway totally disabled as a proximate result of a hernia received from injuries he sustained, if any, while cranking a truck on or about December 12, 1926? Answer: Yes.

"6. If you have answered question Five, no, you need not answer this question, but if you have answered same yes, then answer: When did W. E. Holloway become totally disabled by reason of such injuries, if you find that he did become totally disabled? Answer: Aug. 19, 1927.

"7. Will the injuries resulting in the hernia, occasioned to W. E. Holloway while cranking a truck for the Magnolia Petroleum Company on or about December 12, 1926, if you have found such to be the case, be permanent? Answer: Yes.

"8. If you have answered question Seven, yes, you need not answer this question, but if you have answered same, no, then answer: What period of time will W. E. Holloway be, or has he been totally disabled, by reason of such injuries so received? Answer:

"In Answering questions 5, 6, and 8, you are instructed that the phrase 'total disability,' as used in such questions does not necessarily mean absolute disability to perform any kind of labor; a person may be totally disabled if he is rendered unable to perform the usual tasks of a workman in such a way as to enable him to procure and retain employment.

"9. Was W. E. Holloway partially disabled as a proximate result of the hernia caused by cranking a truck on or about December 12, 1926, if you find such to be the case? Answer: No. * * *

"12. What do you find was the average monthly wage of W. E. Holloway at the time and immediately before he was injured by cranking a truck on or about December 12, 1926, if you find that he was so injured? Answer: $140.00.

"13. Do you find that the failure on the part of the insurance company to pay to W. E. Holloway such compensation, if any, that he may recover herein, in a lump sum, will work a manifest hardship and injustice on said W. E. Holloway? Answer: Yes.

"14. Did W. E. Holloway, within thirty days from December 12, 1926, give notice to the Magnolia Petroleum Company that he had received injuries resulting in a hernia caused by cranking said company's truck on or about December 12, 1926? Answer: Yes.

"15. Did W. E. Holloway make claim to the Magnolia Petroleum Company for compensation for injuries received by him resulting in a hernia caused by cranking said company's truck on or about December 12, 1926, within six months after receiving such injuries, if you find that he did receive same? Answer: Yes.

"16. Did Magnolia Petroleum Company advise W. E. Holloway that it would file his notice of injury and claim for compensation? Answer: Yes.

"17. If you have answered question Sixteen, no, you need not answer this question, but if you have answered same, yes, then you will answer: Did W. E. Holloway rely upon the promise of said Magnolia Petroleum Company to file his notice of injury and claim for compensation? Answer: Yes.

"18. Did W. E. Holloway have good cause for failing to give notice to Magnolia Petroleum Company of injuries resulting in a hernia caused from cranking said company's truck, if you find that he did fail to give such notice, and if you have found that such injuries were so received by him, within thirty days from the date of such injuries? Answer:

"19. Did W. E. Holloway have good cause for not filing a claim with the Industrial Accident Board of Texas, for injuries resulting in a hernia caused by cranking a truck of the Magnolia Petroleum Company, if you find that he received such injuries, within six months after the date of such injuries? Answer: Yes.

"The burden of proof is upon W. E. Holloway to establish by a preponderance of the evidence, the affirmative answer to Questions One, Two, Three, Four, Five, Seven, Nine, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, Eighteen, and Nineteen; the time inquired about in Questions Six, Eight, and Eleven; the per cent inquired about in question Ten, and the amount inquired about in Question Twelve."

In addition to the foregoing findings by the jury, the following are the findings by the trial judge as recited in the judgment rendered:

"The court finds from the evidence and the verdict of the jury that at the time, and for substantially the whole of the year next prior to the receiving of the injuries by the said W. E. Holloway, the average weekly wage of the said W. E. Holloway was $32.30, and that

under the evidence in this case the court finds that said. average weekly wages of $32.30 is fair and just to all parties. The court finds that the said W. E. Holloway is entitled to recover of and from the said Texas Indemnity Insurance Company, a corporation, compensation at the rate of $19.38 for a period of 401 weeks from the 19th day of August, 1927. The court finds that 97 weeks of compensation at the rate of $19.38 per week has accrued and matured to the date of this judgment, totalling $1879.86. The court finds that said W. E. Holloway is entitled to interest at the rate of 6 per cent per annum on said matured and unpaid weekly payments in the total sum of $99.56, a total sum of $1979.42 now being due on matured weekly payments including interest. The court finds that said W. E. Holloway is further entitled to compensation at the rate of $19.38 per week for a period of 304 weeks from the date hereof, less the legal discount as provided by law, and the court finds that the legal discount of 6 per cent is fair and reasonable and that the present value of the compensation to which the said W. E. Holloway is entitled from the date hereof, less the legal discount as provided by law, is the sum of $4989.91, making a total amount now due and owing to the said W. E. Holloway the sum of $6969.33."

Section 4a of article 8307 of the Workmen's Compensation Law reads as follows:

"Unless the association or subscriber have notice of the injury, no proceeding for compensation for injury under this law shall be maintained unless a notice of the injury shall have been given to the association or subscriber within thirty days after the happening thereof, and unless a claim for compensation with respect to such injury shall have been made within six months after the occurrence of same; or, in case of death of the employee or in the event of his physical or mental incapacity, within six months after death or the removal of such physical or mental incapacity. For good cause the board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing the claim before the board."

■■ There was evidence sufficient to support a finding that Holloway notified the Magnolia Petroleum Company of his injury within the 30-day period prescribed by that article of the statute, but the evidence further shows without controversy that he did not file his claim with the Accident Board until November, 1928. According to Holloway's testimony, he also notified representatives of the Magnolia Petroleum Company of his claim for compensation for his injury within the six months' period prescribed by the statute. He testified further, in substance, that the agent of the Magnolia Petroleum Company promised him when he gave such notice to that company that his claim for compensation

would be by that company presented to the Accident Board for him, and that he relied on that promise. There was other testimony to the effect that it was the custom of the Magnolia Petroleum Company to file such claims with the Accident Board for and on behalf of its injured employees.

Such testimony was sufficient to support the findings by the jury that Holloway gave notice to the Magnolia Petroleum Company of his injuries within 30 days after the injuries; that that company advised him that it would file notice of his injury and claim for compensation with the Accident Board; that he relied upon its promise so to do; and that he had good cause for not filing a claim with the board within the statutory period of six months after the date of his injury; notwithstanding his further testimony that during the month of August, 1927, he was informed by the agent of the Magnolia Petroleum Company that it had not then filed his claim with the Industrial Accident Board. In this connection it will be noted that at the time of that discovery the statutory period of six months for making claim for compensation had already expired; and no issue was submitted or requested as to whether Holloway had good cause for delaying filing his claim with the board after making that discovery until November, 1928.

■■ The question of good cause for failing to file the claim with the Accident Board within the six months' period was a question of fact to be determined by the jury, and the findings referred to above cannot be disturbed by this court. Employers' Liability Assur. Corp. v. Francis (Tex. Civ. App.) 300 S. W. 137; Texas Employers' Ins. Ass'n v. Price (Tex. Civ. App.) 300 S. W. 667, writ dismissed (Tex. Civ. App.) 300 S. W. 672; Georgia Casualty Co. v. Little (Tex. Civ. App.) 281 S. W. 1092; Home Life & Accident Co. v. Orchard (Tex. Civ. App.) 227 S. W. 705, writ refused; Consolidated Underwriters v. Seale (Tex. Civ. App.) 237 S. W. 642, writ dismissed.

■■ On the trial, appellant objected to the submission of question No. 1, copied above, but which will be again quoted for convenience, to wit:

"Did W. E. Holloway receive injuries while in the employ of Magnolia Petroleum Company on or about December 12, 1926, which resulted in hernia?"

The objection so urged to that issue was that it was multifarious, and submits two separate and distinct issues in one question: First, whether or not W. E. Holloway received injuries while in the employment of the Magnolia Petroleum Company; and, second, whether or not such injury resulted in hernia. There is no merit in that objection. The issue was submitted in the exact language of subdivision 1, section 12b, of article 8306. That Holloway had sustained hernia

while attempting to crank the car was the basis of his suit. "Rupture" is another term for "hernia," and if he was ruptured, necessarily he was also injured, and the issue as submitted cannot reasonably be construed as having any other meaning. The following authorities support this conclusion: City of Abilene v. Moore (Tex. Civ. App.) 12 S.W.(2d) 604, writ refused; Georgia Casualty Co. v. Gibson (Tex. Civ. App.) 11 S.W.(2d) 191; Clifton Mercantile Co. v. Gillaspie (Tex. Civ. App.) 7 S.W.(2d) 906; Wortham v. Bull (Tex. Civ. App.) 19 S.W.(2d) 211; United States Fidelity Co. v. Morgan (Tex. Civ. App.) 18 S.W.(2d) 810; Fidelity Union Casualty Co. v. Cary (Tex. Civ. App.) 13 S.W.(2d) 993.

Nor did the court err in failing to define the term "proximate result," as used in special issues Nos. 5 and 9, since by section 12b of article 8306, the right of compensation is given "for hernia resulting from injury sustained in the course of employment." And that right is not qualified by any provision to the effect that the incapacity to labor must be the proximate result of the injury, provided there is a causal connection between such injury and such incapacity.

In Travelers' Ins. Co. v. Peters, 14 S.W.(2d) 1007, 1008, by the Commission of Appeals, the following is said:

"We are of the opinion that the rule of proximate cause has no application to cases arising under the Workmen's Compensation Act. The term 'proximate cause' is not used anywhere in the act. A party claiming compensation under such act cannot be compelled to go further than is required by the provisions of the act, either in pleading or proving his cause of action. It is true that there must be established a causal connection between an injury and the death of an employee before a recovery would be authorized. If, however, the injury is shown to be the producing cause of the death, a finding is justified that death was due to the injury, if it arises in the course of and out of the employment. It need not be established that the death was a proximate result of the injury."

To the same effect are the following decisions: Georgia Casualty Co. v. Little (Tex. Civ. App.) 281 S. W. 1092; Texas Employers' Ass'n v. Lovett (Tex. Civ. App.) 19 S. W.(2d) 397, writ of error refused; Travelers' Ins. Co. v. Smith (Tex. Civ. App.) 266 S. W. 574.

We fail to perceive how it can be said, as insisted by appellant, that issue No. 3, submitted to the jury, was erroneous as being upon the weight of the evidence; and we reach the same conclusion upon the assignment to special issue No. 15, based upon objection of the same character.

There was no error in special issue No. 19 in limiting the time within which Hollo-

way made claim to the Magnolia Petroleum Company within six months after receiving his injury, since that was in the language of the statutes; especially as there was no pleading by the insurance company presenting the issue of negligence on his part in failing to file the claim with the Accident Board after expiration of the six months period and before he filed it with the Accident Board on November 15, 1928.

The statute used the expression "good cause" for failure to file such a claim within the period prescribed. It does not define what is meant by that term, nor does appellant present any authority requiring a definition of it to be given to the jury. Furthermore, that language is of such common use and understanding as not to require a definition.

It is further insisted that there was no evidence upon which a finding could be based as to a proper discount to be allowed for the present payment of weekly wages to mature in the future. It is shown in the court's findings, recited in the judgment, that:

"The legal discount of 6% is fair and reasonable and that the present value of the compensation to which the said W. E. Holloway is entitled from the date hereof, less the legal discount as provided by law, is the sum of $4,989.91, making a total amount now due and owing to the said W. E. Holloway the sum of $6,969.33."

Since the issue of reasonable discount and present value was not submitted nor requested, it would be the duty of the trial judge to determine the same. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084.

Appellant has cited Lumberman's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S. W. 72, 28 A. L. R. 1402; Maryland Casualty Co. v. Marshall (Tex. Civ. App.) 14 S.W.(2d) 337; and Herzing v. Texas Employers' Ins. Ass'n (Tex. Com. App.) 17 S.W.(2d) 1046, to support its assignment to the finding of 6 per cent. discount noted. Those authorities all hold that the amount of discount to be allowed must be determined from the evidence. However, none of those decisions indicate the character of evidence necessary to that end; and the statutes are also silent upon that point. The decision last cited is especially relied on by appellant; but that case is easily distinguishable from the present suit, in that the Court of Civil Appeals fixed the legal rate of 6 per cent. as a proper discount, in the absence of any finding thereon by either the jury or the trial judge. We perceive no valid reason for holding that a finding to be so made by the trial judge should be disturbed merely because no witness attempted to testify as to what would be a reasonable discount. Indeed, it is difficult for us to suppose that any one could estimate a proper discount aside from the legal rate of 6 per cent. That was a fact issue, and we

believe that such a finding could properly be based upon all the facts and circumstances in evidence. The fact that the rate of discount was fixed at the statutory rate of 6 per cent. for the detention of money due should not condemn such a finding, but on the contrary it would tend to support it as just and reasonable. It is a familiar rule of decisions that the same rate of interest is usually allowed in cases of tort from the time the cause of action arose until the date of judgment, thus adopting the statute as a reasonable guide in determining that issue. See Herzing v. Tex. Employers' Ins. Ass'n, 17 S.W.(2d) 1046, by the Commission of Appeals, and decisions there cited; 16 Cyc. p. 857. Accordingly, the assignment now under discussion is overruled.

Complaint is also made of the action of the court in allowing compensation for a period of 401 weeks beginning August 19, 1927, rather than on December 12, 1926, at the time of his injury. It is insisted that since 35 weeks intervened between the date of the injury and August 19, 1927, on which latter date Holloway became totally disabled to work, they should be deducted from the total of 401 weeks allowed by the court, thus limiting the total amount of indemnity to 346 weeks. In support of that contention sections 6 and 10 of article 8306 are cited and also the decision of the court of Civil Appeals at Amarillo in Texas Employers' Ins. Ass'n v. Downing, 218 S. W. 112.

The statutes referred to read as follows:

6. "No compensation shall be paid under this law for an injury which does not incapacitate the employee for a period of at least one week from earning full wages, but if incapacity extends beyond one week compensation shall begin to accrue on the eighth day after the injury. The medical aid, hospital services, and medicines, as provided for in Section 7 hereof, shall be supplied as and when needed and according to the terms and provisions of said Section 7. If incapacity does not follow at once after the infliction of the injury or within eight days thereof but does result subsequently, compensation shall begin to accrue with the eighth day after the date incapacity commenced. In any event the employee shall be entitled to the medical aid, hospital services and medicines provided in this law."

10. "While the incapacity for work resulting from the injury is total, the association shall pay the injured employee a weekly compensation equal to sixty per cent. of his average weekly wages, but not more than $20.00 nor less than $7.00 and in no case shall the period covered by such compensation be greater than four hundred and one weeks from the date of the injury."

We believe that it is apparent upon the face of those articles that the word "injury,"

as therein used, was intended to have the meaning of "incapacity," since provision for compensation for incapacity was clearly the purpose to be accomplished; especially so in view of this language used in section 6, "If incapacity does not follow at once, after the infliction of the injury or within eight days thereof but does result subsequently, compensation shall begin to accrue with the eighth day after the date incapacity commenced"; that language following prior provisions in the same article to the effect that incapacity and not the injury is compensable. This conclusion is based on those sections of article 8306 as they appear in the Revised Statutes of 1925 without reference to the amendment of section 6, adopted in 1927, p. 84, c. 60, § 1 (Vernon's Ann. Civ. St. art. 8306, § 6), after this cause of action arose. And we believe that the opinion in Texas Employers' Ins. Ass'n v. Downing (Tex. Civ. App.) 218 S. W. 112, cited by appellant, is manifestly distinguishable from this case on the facts made the basis of that decision.

 The proof showed that during several months following his alleged incapacity to labor, Holloway received from the Magnolia Petroleum Company an annuity or sick benefit which that company provided for all its employees as an incident to their employment. Manifestly, appellant was in no sense a party to that arrangement, never contributed to the benefit fund, and therefore was not entitled to have the benefits so received by Holloway applied as a credit on the amount it owed to him on the policy made the basis of this suit. See Zetsche v. Lawler (Tex. Civ. App.) 25 S.W.(2d) 907, and cases there cited.

 Holloway alleged in his pleading that the operation performed on March 19, 1929, was unsuccessful, and he introduced testimony tending to support that allegation; hence there was a sufficient predicate in his pleadings and evidence for compensation under the general provisions of the Workmen's Compensation Law, as provided in section 12b, art. 8306, if it be shown that he was entitled to compensation. Appellant makes no contention to the contrary, but we deem it proper to note this point in view of the decision of this court in Southern Casualty Co. v. Fulkerson, 30 S.W.(2d) 911, in opinion by Chief Justice Conner, filed April 26, 1930, and the decision there cited, Ellis v. United States Fidelity & Guaranty Co. (Tex. Civ. App.) 6 S.W.(2d) 811, in each of which cases it was held that in order to recover such compensation under the general provisions of that law when the injury is hernia, the burden is upon the claimant to allege and prove that the operation performed was unsuccessful.

 On the trial of the case, the plaintiff excepted to the instruction of the court to the jury that the burden of proof was upon

Holloway to establish by a preponderance of the evidence an affirmative answer to each of questions 1, 2, and 4, and a negative answer to issue No. 3, on the ground that by the provisions of section 12b, of article 8306, it is provided that the facts entitling an employee to recovery for hernia "must be definitely proven to the satisfaction of the Board." In that objection it was pointed out that under that statutory provision it was not sufficient that Holloway establish those facts by a mere preponderance of the evidence, but it was incumbent on him to go further and make such proof as is required by the quoted provision of that section of the statute. The objection so made was overruled by the court and error has been assigned to that ruling.

It is well settled by the decisions of the Supreme Court of this state and by authorities elsewhere that an instruction to a jury that the facts relied on for recovery must be proved to their satisfaction means more than to say that such proof must be by a mere preponderance of the evidence, and that such proof must be beyond a reasonable doubt. See Brewer v. Doose (Tex. Civ. App.) 146 S. W. 323, and decisions therein cited. There can be no doubt that the Legislature had authority to change that well-recognized general rule, as was done in explicit language in section 12b of article 8306. And the courts have no authority to ignore that statutory mandate. Obviously the statutory provision quoted requires a greater quantum of proof than a mere preponderance of the evidence. In this case the evidence was sharply conflicting as to whether Holloway suffered a rupture on December 12, 1926, as testified to by him; there being evidence in the record which would have warranted a finding that his alleged incapacity to labor was but the result of the operation theretofore performed on him for gall stones in May, 1926.

Such being the state of the evidence upon that issue, it cannot be said that the charge so given resulted in no harm to the appellant. Indeed, it must be said that under all the facts and circumstances in evidence it was reasonably calculated to cause injury to appellant, and there is an absence of any showing in the record that it did not have that result. It follows, therefore, that the assignment now under discussion must be sustained, under the following authorities: Bell v. Blackwell (Tex. Com. App.) 283 S. W. 765; Bain Peanut Co. v. Pinson (Tex. Com. App.) 294 S. W. 536; Lumbermen's Reciprocal Ass'n v. Wilmoth (Tex. Com. App.) 12 S.W.(2d) 972; Floyd v. Fidelity Union Casualty Co. (Tex. Com. App.) 24 S.W.(2d) 363; Parker v. Bailey (Tex. Com. App.) 15 S.W. (2d) 1033.

Since the case is to be remanded for another trial, we shall not undertake to determine the merits of a further contention that the evidence did not warrant a lump sum settlement, as we cannot know in advance whether or not the proof on that issue will be the same as upon the last trial.

Whether or not the evidence was sufficient to support the findings of the jury on issues 1, 2, 3, and 4, under instructions by the court that the same could be made upon a mere preponderance of the evidence rather than upon quantum of proof required by section 12b of article 8306 of the statutes, quoted above, becomes a moot question, and therefore will not be determined.

Nor is it necessary for us to determine the merits of the assignment to leading questions propounded to the witness Dr. Westbrook, as that objection may be avoided on another trial. Likewise, appellant's exception to the pleading of an alleged conspiracy between the Magnolia Petroleum Company and the insurance company to defeat plaintiff's claim will not be discussed, since those allegations will likely be eliminated on another trial. It is also unnecessary to determine the merits of another assignment to Holloway's testimony of the amount paid out for hospital bills incident to his operation in March, 1927, since Holloway was not awarded any compensation for that item, and as he has made no complaint of that action of the court, it is not likely he will make claim therefor on another trial.

However, for the error pointed out above, with respect to the charge of the court on the burden of proof on issues 1 to 4, inclusive, the judgment of the trial court will be reversed and the cause remanded.

On Motion for Rehearing.

In appellees' motion for rehearing, it is earnestly insisted that the provision of section 12b of article 8306, Workmen's Compensation Law, providing that the facts entitling an employee to recover for an injury resulting in hernia "must be definitely proven to the satisfaction of the board," does not change the general rule in civil cases that a preponderance of the evidence in favor of plaintiff is sufficient to sustain a recovery; but that that statutory requirement is intended as a guide for the trial judge in determining whether or not the verdict of the jury in plaintiff's favor should be approved. Appellee cites Carl v. Settegast, 237 S. W. 238, 239, in which the Supreme Court held that in a suit to ingraft a parol trust upon a deed to real estate, it is error to charge the jury that the burden is upon the plaintiff to establish the allegation of the petition clearly and to the satisfaction of the jury; even though such is the rule in a court of equity. But in that decision the reason of the holding is thus stated:

"The rule that to ingraft a parol trust upon an instrument absolute on its face the evidence must be clear and satisfactory arose at a time when suits of this nature were cog-

nizable only in courts of chancery, where all matters of fact, as well as the law, were tried by the chancellor, and where questions of facts addressed themselves to the conscience of the chancellor. The aid of a jury in such cases was discretionary, and their findings, when called for such aid, were not binding absolutely upon the chancellor, but merely persuasive and advisory, and subject to be disregarded at his discretion. In so far as the rules of evidence thus announced by the chancery courts are rules of law, they should be regarded as binding upon our courts; but, in so far as these rules merely address themselves to the conscience of the chancellor·in exercising his province to pass upon the facts or weight of the evidence, they have no place in our jurisprudence, under which, whether the case be one cognizable alone in equity or one at law, a jury trial is given as a matter of right, and the province of the jury where the evidence is sufficient to have the issues submitted to them is absolute in determining the facts, subject only to review by the trial court and Court of Civil Appeals."

Appellee also cites the case of Reinhardt v. Nehring (Tex. Com. App.) 291 S. W. 873, in which it was held that it was error to instruct the jury that the burden was upon the proponent of a will to show to the satisfaction of the jury that the testatrix was of sound mind; although in article 3348, Rev. Civ. Statutes of 1925, it is provided that "before admitting a will to probate, it must be proved to the satisfaction of the court" that the testator at the time of executing the will was of sound mind. In that case it is held that the provision of article 3348 as to the quantum of proof necessary to probate a will should be construed as a direction to the court, rather than as a guide to the jury when the issues are submitted to it. A like construction was placed upon the language of article 4632, requiring the facts necessary to entitle a plaintiff to a decree of divorce to be established upon evidence which is full and satisfactory to the court.

Section 5 of article 8307 provides for suit by any interested party who is dissatisfied with the decision of the Industrial Accident Board upon any claim presented to it. The following is one of the provisions of that section:

"If the final order of the board is against the association, then the association and not the employer shall bring suit to set aside said final ruling and decision of the board, if it so desires, and the court shall in either event determine the issues in such cause instead of the board upon trial de novo and the burden of proof shall be upon the party claiming compensation."

In American Indemnity Co. v. Dinkins (Tex. Civ. App.) 211 S. W. 949, 957, the following is said:

"Section 5, part 2, Workmen's Compensation Law (General Laws 1917, c. 103, p. 283), provides:

"'Whenever such suit is brought, the rights and liability of the parties thereto shall be determined by the provisions of this act.' Honnold on Workmen's Compensation, vol. 1, pp. 167, 346, and 358.

"The appellees base their right of recovery on the Workmen's Compensation Act alone, and they must show that they are entitled to compensation within the terms of the act."

In Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084, 1087, the Supreme Court, speaking through Chief Justice Cureton, made this announcement:

"The general rule is that where the cause of action and remedy for its enforcement are derived not from the common law but from the statute, the statutory provisions are mandatory and exclusive, and must be complied with in all respects or the action is not maintainable. [Citing numerous cases.]

"The Workmen's Compensation Act having created the rights to be enforced and provided the remedy therefor, each step in the progress of the maturity of a claim from the time of the injury to its final adjudication is a mandatory requirement, necessary to the exercise of jurisdiction by the first and succeeding statutory agencies. [Citing numerous cases.]"

██ Since the action in the present suit is not for equitable relief, nor based on the common law, but rests solely upon the Workmen's Compensation Act, and since as announced by Chief Justice Cureton, and the many authorities cited in his opinion, the employee claiming the benefits under the Workmen's Compensation Act must comply strictly with its provisions in order to sustain a recovery, and since there is nothing in that act indicating that the quoted provision of section 12b, article 8306, was intended as a guide for the trial judge and not for the jury, we adhere to the ruling announced in our original opinion on the question now under discussion and accordingly overrule appellees' motion for rehearing. We will add that if appellees' construction of that statute be adopted, then it would follow, logically, that, even though the verdict of the jury should be in plaintiff's favor under an instruction, the burden was upon him to establish his claim by definite proof to the satisfaction of the jury, yet the trial judge would have authority to set aside the verdict and deny plaintiff relief if in his opinion the facts relied on have not been definitely proven and to his satisfaction, and thus set at naught the statute which makes the jury the exclusive judge of controverted issues of fact.